## THE LAW OF EXTRADITION.

Court of Appeals for Stark County.

IN THE MATTER OF THE EXTRADITION OF A. W. WILLIAMS.

Decided, September Term, 1915.

*Extradition—Proceedings in—Examination Before Judge—Proof— Charge of Crime in Demanding State—Duty of Governor—Section 110, General Code.*

1. The Governor of this state upon a demand made in due form by the Governor of another state, for the surrender of a fugitive from justice, should first determine whether or not the requisite preliminary steps have been taken, and that legal grounds exist, and that the case falls within the purview of the statutes for issuing of an extradition warrant, and if he so finds it then becomes his duty to issue such warrant.

2. The sheriff, in the instant case, took the fugitive before the judge of the court of common pleas who under Section 114, General Code, had jurisdiction to hear and determine the cause, and upon proof by him adjudged sufficient ordered the fugitive to be delivered to the agent of the state of Pennsylvania, who was named in said requisition, to be conveyed to the state of Pennsylvania for prosecution on said charge. *Held:* That neither the Governor nor the examining judge passes upon the ultimate guilt of the accused, but upon the question as to whether or not an offense is charged under the laws of the state demanding extradition, whether or not the identity of the party charged is established, whether or not the party charged is a fugitive from justice, and that the extradition is not for the purpose of enforcing any civil liability against the accused.

3. The information upon which these proceedings were based charged the offense of obtaining money by false pretenses, and the objection to this charge being technical and the information substantially charging the offense, it is held to have been sufficient.

4. The presumption is that the Governor of Ohio found in issuing the extradition warrant that the application for the requisition was made in good faith for the purpose of having the alleged fugitive answer to the offense charged, and the court finds there is not sufficient evidence to the contrary in the record to overcome this presumption.

*Amerman & Mills,* for A. W. Williams.

*Clarence A. Fisher* and *Walter S. Ruff,* for state of Pennsylvania.

SHIELDS, J.

It appears that on the first day of July, 1915, an application was made, in due form, to the Governor of the state of Pennsylvania, by W. D. Burns, as district attorney of the county of Clarion, in said state, accompanied by a statement in writing by him and by a duly attested copy of an information charging the plaintiff in error with the crime of obtaining money under false pretenses; that the obtaining of money or property under false pretenses was an offense under the laws of said state, that the offense therein charged was committed in said state, and the plaintiff in error was then in said state, accompanied also with an affidavit of the facts constituting said alleged offense by one claiming to have actual knowledge thereof, and that the plaintiff in error was then a fugitive from justice. Whereupon the Governor of the state of Pennsylvania issued a requisition upon the Governor of the state of Ohio for the extradition of the plaintiff in error. The Governor of the state of Ohio, after an examination of the documentary and other proof submitted to him with said requisition, issued a warrant directed to the sheriff of Stark county, Ohio, commanding him to arrest the plaintiff in error and take him before a judge of the Supreme Court, or of the circuit court, or common pleas court, to be examined on said charge. Having taken him before one of the common pleas judges of said Stark county for said purpose, upon such examination and upon proof by said judge adjudged sufficient, the plaintiff in error was ordered by said judge to be delivered to the agent named in said extradition warrant to be conveyed and surrendered to the authorities in said county of Clarion, in said state of Pennsylvania, for prosecution on said charge. Thereupon a motion for a suspension of the execution of said order and judgment was made to said judge on behalf of said plaintiff in error to enable him to prosecute error to said judgment to the Court of Appeals in and for said Stark County,

which said motion was allowed, and pending the suspension of said order and judgment the plaintiff in error filed a petition in error in this court to reverse the said judgment, and was admitted to bail.

The principal errors relied on are:

1. That the alleged information does not charge a crime under the laws of the state of Pennsylvania.

2. Assuming that it does charge said crime, the evidence shows that the ulterior purpose of this extradition proceeding is not to prosecute plaintiff in error for a violation of any offense committed against the laws of said state, but to compel the payment of an alleged civil liability.

In this state the statutes regulating extradition proceedings are plain and admit of no necessity for construction. The Governor of the state upon a demand made, in due form, for the surrender of a fugitive from justice, first determines whether or not the requisite preliminary steps have been taken, that legal grounds exist and that the case falls within the purview of the statutes for the issuing of an extradition warrant, and if he so finds, it then becomes his duty to issue such warrant (*Work* v. *Corrigan*, 34 O. S., 64), all of which appears to have been done in this case. After apprehending and arresting the plaintiff in error, it further appears that the sheriff of Stark county took the plaintiff in error before one of the judges of the court of common pleas of said county, who under the statute had jurisdiction to hear and determine the same, and who upon proof by him adjudged sufficient, ordered and adjudged that he be delivered to the agent named in said requisition, to be conveyed to the state of Pennsylvania for prosecution on said charge.

It is contended that the information upon which the right to extradite the plaintiff in error is based does not charge an offense, and therefore the Governor was without jurisdiction to issue said warrant, and that the judge hearing said charge was likewise without jurisdiction to order the plaintiff in error to be extradited. As we construe the statutes regulating extradition proceedings, neither the Governor nor the examining judge

passes upon the ultimate guilt of the accused, but, among other things, passes upon the question as to whether or not an offense is charged under the laws of the state demanding extradition, whether or not the identity of the party charged is established, whether or not the party charged is a fugitive from justice, and that the extradition of the plaintiff in error is not for the purpose of enforcing any civil liability against him, that is, that the criminal machinery of the state shall not be invoked and employed to lay a foundation for or to work out any civil remedy against the party charged. Speaking for the court in the case of *Wilcox* v. *Nolze,* reported in 34 O. S., 520, Judge Okey says:

"The Governor of a state, in issuing his warrant of extradition of a fugitive from justice, acts in an executive, and not in a judicial, capacity. He is not permitted to consider the question whether the accused is guilty or not guilty; he is not to regard a departure from the prescribed forms for making application, or as to the manner of charging crime, in any matter not of the substance, and he is not to be controlled by the question whether the offense is or is not a crime in his own state, the inquiry being whether the act is punishable as a crime in the demanding state. Nor have the courts larger powers in any of these respects than the Governor."

And in *The Law of Extradition,* by Spear, in referring to the provisions in the several extradition treaties of the United States, it is observed that the offense charged in the demand made for the fugitive from justice shall be proved by such evidence,

"as according to the laws of the place where the fugitive or person charged shall be found, would justify his apprehension and commitment for trial, if the offense had there been committed. The delivering government, and not the one making the demand, is by the terms of the treaty in regard to evidence the final judge as to the propriety of the demand, and also as to the sufficiency of the evidence in its support. It applies its own rule of evidence to the case, and withholds or grants the surrender under that rule."

While the charge in said information may be a little lame in some unimportant particulars, and perhaps is, still we think the

objection made is technical and that it charges the offense of obtaining money by false pretenses. In *Jackson* v. *Archibald,* 12 C. C., 155, it is held that:

"If a felony is substantially charged in the indictment attached to the requisition for the extradition of a fugitive from justice, the fact that it is inartistically drafted, or that there is some technical defect in the form of the indictment, ought not to prevail to defeat extradition."

We are not inclined to disturb the judgment below on the ground urged.

It is contended on behalf of the plaintiff in error that the real purpose of this extradition proceeding is not to have his return ordered to the demanding state for trial on the offense laid in the requisition, but for the purpose of working out a civil remedy against him, and it is contended that this is manifest from the evidence taken upon the hearing hereinbefore referred to. If such contention was well founded, the court would be unwilling to lend its aid in the working out of any such purpose. Section 110 of the General Code provides that:

"The demand or application must be accompanied by sworn evidence that the party charged is a fugitive from justice, and that the demand is made in good faith for the punishment of crime and not for the purpose of the collection of debt or pecuniary mulct, or of removing the alleged fugitive to a foreign jurisdiction to serve him with civil process, and by a duly attested copy of an indictment or an information, or a duly attested copy of a complaint made before a court or magistrate authorized to take it and accompanied with an affidavit or affidavits to the facts constituting the offense charged by persons having actual knowledge thereof."

It is apparent from the language of the foregoing section that the application for a requisition for a fugitive from justice must be founded on good faith for the sole purpose of having him answer to the identical offense charged and not for any other purpose. The presumption is that the Governor of Ohio so found before issuing the extradition warrant, but it is contended that the evidence taken before said examining judge shows other-

wise. We have carefully read the evidence taken on said hearing and find the prosecuting witness testified that after he failed to recover back money paid for certain shares of stock, he instituted this criminal prosecution. Granting this, does it follow by any principle of sound reasoning that the plaintiff in error is sought to be extradited for any other than the purpose of being prosecuted for this alleged offense in the absence of any proof to the contrary? It does not so impress the court, and it follows that the second ground of error alleged is not sustained.

Besides the errors alleged and already specifically referred to herein, said petition in error contains other errors alleged, all of which we have considered, and we find no such prejudicial error in the record for which the judgment of the court below should be reversed.

The view we have taken of this case renders it unnecessary to pass upon the motion submitted on behalf of W. S. Smathers, the sheriff of said Clarion county, and the duly appointed agent of the state of Pennsylvania for the purpose named in said requisition, in which motion it is contended that the proceedings herein are in violation of certain provisions of the Constitutions of the United States and of the state of Ohio.

The judgment of the court of common pleas will therefore be affirmed, and said cause is remanded for execution. Exceptions noted.

POWELL, J., and HOUCK, J., concur.