Hart, J.
 

 The petitioner claims that since the Pennsylvania indictments charge him with having committed the offenses in Pennsylvania while he was in the city of Cleveland, he is not a fugitive from justice of the state of Pennsylvania and, therefore, is not subject to extradition to that state. In this claim the petitioner relies on the provisions of Section 2, Article IV of the Constitution of the United States, which reads in part as follows:
 

 “A person charged in any state with treason, felony, or other.'crime, who shall flee from justice, and be found in another state-, shall, on demand of the execu
 
 *41
 
 tive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime.”
 

 That constitutional provision is supplemented by a •congressional enactment known as Section 662, Title 18, U. S. Code, the pertinent parts of which are as follows:
 

 “Whenever the executive authority of any state or territory demands any person as a fugitive from justice, of the executive authority of any state or territory to which such person has fled, and produces a •copy of an indictment found or an affidavit made before a magistrate of any state or territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the state or territory from whence the person so charged has fled, it shall be the duty of the executive authority of the state or territory to which such person has fled to cause him to be arrested _and secured, and to cause notice of the arrest to be given to the executive authority making such •demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be -delivered to such agent when he shall appear. * * *”
 

 Since the petitioner was not in the state of Pennsylvania when the offense was there committed and did not flee from the state of Pennsylvania, this court is -of the opinion that the provisions of the U. S. Constitution and laws enacted pursuant thereto, while all-inclusive and exclusive in the field of extradition where "there is actual flight from the state wherein an offense is committed, have no application to the case of the petitioner because he was not a fugitive from justice -as defined by the U. S. Constitution. See
 
 Wilcox
 
 v.
 
 Nolze,
 
 34 Ohio St., 520;
 
 Hyatt
 
 v.
 
 People of the State of New York, ex rel. Corkran,
 
 188 U. S., 691, 47 L. Ed., 657, 23 S. Ct., 456;
 
 People of the State of Illinois, ex rel.
 
 
 *42
 

 McNichols,
 
 v.
 
 Pease, Sheriff,
 
 207 U. S., 100, 52 L. Ed., 121, 28 S. Ct., 58;
 
 Pierce
 
 v.
 
 Creecy, Chief of Police,
 
 210 U. S., 387, 52 L. Ed., 1113, 28 S. Ct., 714.
 

 But the respondent sheriff claims that Section 109-6, General Code, applies, and that the petitioner may be extradited under it.
 

 Section 109-6, General Code, reads as follows:
 

 ‘
 
 ‘
 
 The Governor of this state may also surrender, on demand of the executive authority of any other state,
 
 any person in this state charged m such other state
 
 in the manner provided in section 3 [Section 109-3, General Code]
 
 with committing mi act in this state,
 
 or in a third state,
 
 intentionally resulting in a crime in the state whose executive authority is making the demand, and the provisions of this act not otherwise inconsistent, shall apply to such cases, even though the accused tvas not in that state at the time of the commission of the crime, and has not fled therefrom.”
 
 (Italics supplied.)
 

 Petitioner claims that Section 109-6, General Code, is unconstitutional because it is in conflict with Section 2, Article IY of the United States Constitution, and Section 662, Title 18, U. S. Code, above quoted, on the theory that the federal enactments cover the entire field of extradition, and petitioner cites in support of his contention
 
 Prigg
 
 v.
 
 Pennsylvania,
 
 41 U. S., 539, 10 L. Ed., 1060;
 
 Hyatt
 
 v.
 
 People of the State of New York, ex rel. Corkran, supra; People of the State of Illinois, ex rel. McNichols,
 
 v.
 
 Pease, Sheriff, supra; Pierce
 
 v.
 
 Creecy, Chief of Police, supra; Innes
 
 v.
 
 Tobin, Sheriff,
 
 240 U. S., 127, 60 L. Ed., 562, 36 S. Ct., 290;
 
 South Carolina
 
 v.
 
 Bailey,
 
 289 U. S., 412, 77 L. Ed., 1292, 53 S. Ct., 667.
 

 Sections 109-1 to 109-32, inclusive, General Code, became effective August 20, 1937, subsequent to the dates of the decisions in all the above cases cited by the petitioner. This enactment is popularly known as
 
 *43
 
 the “Uniform Criminal Extradition Act” (See 9 U. L. A., 173
 
 et seq.)
 
 and has been adopted by the legislatures of not less than thirty-one states, including the state of Pennsylvania. See 8 Ohio State University Law Journal, 255, 256.
 

 It is well recognized in the law, that in order to ■charge one as an aider and abettor or conspirator in ■crime, it is not necessary to establish his presence at the scene of the crime. Constructive presence is sufüeient.
 

 Section 109-6, General Code, contemplates an exv tradition of a person charged with crime who may not be a fugitive from justice in the state from which he is to be extradited, by providing for the case where a person commits an act in one state the effect of which is the commission of a criminal offense in another state •and authorizes his extradition into the state where the ■criminal effect is produced.
 

 The fact that the Uniform Criminal Extradition Act, which does cover such situations, has been adopted by •so many of the states indicates a need for such legislation to combat and suppress criminal conduct overlapping state boundaries. For that reason the court should be reluctant to strike down the legislative act in question unless it is clearly unconstitutional.
 

 The federal enactments relating to extradition do not expressly or impliedly cover a situation such as that presented in the case at bar, and, since they do not, it would seem that there is no conflict between the federal and state enactments and that the latter merely ■supplement the former. It is to be observed that there -are no negative provisions in the U. S. Constitution or federal legislation forbidding the extradition of one not physically present at the scene of crime in the demanding state. Congress in the enactment of Section ■662, Title 18, U. S. Code, has exhausted its power on this subject under the constitutional grant and all
 
 *44
 
 additional power is reserved to the states.
 

 Even if Congress had not exhausted its power, it has not attempted to legislate on this particular subject, and the state would have the power to do so in the form of enabling or supplemental legislation. See 8 Ohio Jurisprudence, 140, 161, Sections 39, 63; 35 Corpus Juris Secundum, 320;
 
 Cincinnati, W. & Z. Rd. Co.
 
 v.
 
 County Commrs.,
 
 1 Ohio St., 77;
 
 City of Xenia
 
 v.
 
 Schmidt,
 
 101 Ohio St., 437, 130 N. E., 24.
 

 This court is of the opinion that Section 109-6, General Code, does not conflict with constitutional provisions and constitutes a valid enactment.
 

 The petitioner complains also that the warrant of the Governor is insufficient and that the indictments do not charge crimes under the laws of Pennsylvania, but we do not find any merit in these claims.
 

 The writ of
 
 habeas corpus
 
 will be and is denied.
 

 Writ denied.
 

 Weygandt, C. J., Turnee, Matthias, Zimmerman, Sohngen and Stewart, JJ., concur.