### Ex parte BLEDSOE.

No. A-11537.   Feb. 7, 1951.

(227 P. 2d 680.)

Lybrand & Morgan, R. Gordon Lowe, and Durward F. Mathis, Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Eugene Hassman, Asst. County Atty., for respondent.

JONES, J. This is an original action in habeas corpus instituted by the petitioner, William A. Bledsoe, wherein he alleges that he is illegally restrained at Oklahoma City by the sheriff of Oklahoma county.

The verified petition alleges that petitioner is charged with the crime of failure to support and maintain his minor children in Harper county within the State of Kansas, but that said petitioner has never been in the State of Kansas and has never committed a crime within the State of Kansas and should not be returned to the State of Kansas for trial; that he has been arrested on a warrant issued by the Governor of Oklahoma honoring a demand for requisition by the Governor of Kansas.

At a hearing before this court it was established that the petitioner was duly charged with the commission of a crime in Harper county, Kansas to wit: The crime of neglecting and refusing without lawful excuse to provide for the support and maintenance of his minor children. The regularity and sufficiency of the extradition papers upon which the Governor of the State of Oklahoma issued his warrant for the arrest and return of petitioner to the State of Kansas is not questioned. It was agreed that petitioner had never been in the State of Kansas but that he and his wife had divorced and that six years ago she had moved to the State of Kansas with their three minor children.

The sole contention of petitioner is that he cannot be lawfully extradited to the State of Kansas for the reason that he has never been within the State of Kan-

sas and is not a fugitive from justice as defined by the Constitution and laws of the United States.

Petitioner maintains that the only authority for the extradition from one state to another of a person charged with a crime is clause 2 of section 2, Article IV of the Constitution of the United States which reads as follows:

"A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

He further contends that the U. S. Code implementing the constitutional provision, furnishes the only statutory authority for extradition. 18 U.S.C.A. § 3182. That section provides that whenever the executive authority of any state demands any person, as a fugitive from justice, of the executive authority of any state to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any state, charging the person demanded with having committed a crime, certified as authentic by the Governor of the state from whence the person so charged has fled, it shall be the duty of the executive authority of the state to which such person has fled to cause him to be arrested and to cause the fugitive to be delivered to the agent of the demanding state.

The petitioner was not in the State of Kansas on the date the crime was alleged to have been committed. The basis upon which the Governor of Oklahoma honored the demand for extradition by the Governor of Kansas was pursuant to § 6 of the Uniform Criminal Extradition Act, § 1141.6, Tit. 22 O.S.A., adopted in Oklahoma in 1949, which provides:

"The Governor of this State may also surrender, on demand of the Executive Authority of any other state, any person in this State charged in such other state in the manner provided in Section 3 with committing an Act in this State, or in a third state, intentionally resulting in a crime in the state whose Executive Authority is making the demand, and the provisions of this Act not otherwise inconsistent, shall apply to such cases, even though the accused was not in that state at the time of the commission of the crime, and has not fled therefrom. Laws 1949, p. 208, § 6."

The Uniform Criminal Extradition Act has been adopted in nearly every state of the union including both Kansas and Oklahoma. This provision has been attacked as unconstitutional in many cases and the uniform holding has been that this section of the statute does not violate any provisions of the United States Constitution or Federal legislation. Ex parte Morgan, Cal. App., 194 P. 2d 800; Cassis v. Fair, 126 W. Va. 557, 29 S. E. 2d 245, 248, 151 A.L.R. 233; Ennist v. Baden, 158 Fla. 141, 28 So. 2d 160, 162; English v. Matowitz, 148 Ohio St. 39, 72 N. E. 2d 898, 900; Ex parte Campbell, 147 Neb. 820, 25 N. W. 2d 419, 423; Culbertson v. Sweeney, 70 Ohio App. 344, 44 N. E. 2d 807, 810; Osborn v. Harris, Utah, 203 P. 2d 917; In re Harris, 309 Mass. 180, 34 N. E. 2d 504, 135 A.L.R. 969. See, also, 22 Am. Jur. Extradition, Sec. 9; 135 A.L.R. 985; 151 A.L.R. 239.

In Ex parte Morgan, D. C., 78 F. Supp. 756, 760, the United States District Court for the southern district of California discussed at length the provision of the statute here involved and its alleged constitutionality. It was therein stated:

"State legislation which merely supplements a field covered by federal statute does not involve any constitutional infirmity, when, as is the case here, it merely

covers a situation which, while not specifically covered by federal legislation, is within the spirit of the constitutional provision pursuant to which it was enacted, as interpreted by our highest courts.

\* \* \* \* \* \*

" 'The Constitutional provision and the procedural statute were intended to provide a summary executive proceedings, by the use of which the closely associated states of the union could promptly aid one another in bringing to trial persons accused of crime in one state, but found in another beyond the reach of the state where the crime was committed. To this end, the courts have given the Constitution and statute a liberal construction in order to effectuate and expedite the administration of justice in the several states. Biddinger v. Commissioner of Police, 245 U. S. 128, 38 S. Ct. 41, 62 L. Ed. 193; Appleyard v. Massachusetts, 203 U.S. 222, 27 S. Ct. 122, 51 L. Ed. 161, 7 Ann. Cas. 1073; Lascelles v. Georgia, 148 U.S. 537, 13 S. Ct. 687, 37 L. Ed. 549; Roberts v. Reilly, 116 U.S. 80, 94, 6 S. Ct. 291, 29 L. Ed. 544; Ex parte Reggel, 114 U.S. 642, 650, 5 S. Ct. 1148, 29 L. Ed. 250; Commonwealth of Kentucky v. Dennison, 24 How. 66, 104, 16 L. Ed. 717; Ex parte Anthony, 198 Wash. 106, 87 P. 2d 302.

" 'The only prerequisites to extradition from one state to another are, that the person sought to be extradited is substantially charged with a crime against the laws of the demanding state, and that he is a fugitive from justice.' "

In Ex parte Morgan, supra, it was stated:

"In the Cassis case, after referring to the quoted clause of the Constitution, the court said, 29 S. E. 2d at page 248: 'It in no sense purports to limit extradition to these cases. It does not forbid a state to yield up to another state one charged with crime but who has not in fact fled from that other state. No reason in law, expediency or comity has been suggested why extradition should be limited to those who were physically in

the state at the time the crime was committed. Many crimes may be committed in a state while the culprit remains without its borders. This is particularly true where such offender acts through an agent or a conspirator.' In English v. Matowitz, supra, the court said [148 Ohio St. 39, 72 N. E. 2d 900]: 'The federal enactments relating to extradition do not expressly or impliedly cover a situation such as that presented in the case at bar, and, since they do not, it would seem that there is no conflict between the federal and state enactments and that the latter merely supplement the former. *It is to be observed that there are no negative provisions in the U. S. Constitution or federal legislation forbidding the extradition of one not physically present at the scene of crime in the demanding state.* (Italics ours.)

\* \* \* \* \* \*

"*Statutes adopted by the states are not necessarily invalid if they cover a field in which the Constitution empowers Congress to legislate.* The regulation of interstate commerce is a matter exclusively within the power of Congress (Const., Art. I, sec. 8, clause 3) if and when it chooses to act, but if there is no federal statute covering a particular subject a state law is not invalid because it may in some manner affect commerce between the states, although such a law would become inoperative upon the adoption of a federal statute covering the same field as that embraced by the state legislation. *A state law does not conflict with federal statutes if it does not impede the execution of the will and purpose of Congress* (Cloverleaf Butter Co. v. Patterson, 315 U.S. 148, 157 [62 S. Ct. 491], 86 L. Ed. 754, 763) *or if it does not cast an undue burden upon interstate commerce* (Nippert v. City of Richmond, 327 U.S. 416, 425, 66 S. Ct. 586, 90 L. Ed. 760, 765, 162 A.L.R. 844) *or if its effect on such commerce is only incidental or indirect.* California v. Thompson, 313 U.S. 109, 113, 61 S. Ct. 930, 85 L. Ed. 1219, 1221. (Italics ours.)

"If a state law stands as an obstacle to the accomplishment and execution of the full purposes and objec-

tives of Congress in reference to matters on which it is empowered by the Constitution to legislate the former must yield to the superior force of the latter. Hines v. Davidowitz, 312 U.S. 52, 67, 61 S. Ct. 399, 85 L. Ed. 581, 587.

"The statute in question in this proceeding is not an obstacle to the purposes of the federal extradition act. Ex parte Tenner, 20 Cal. 2d 670, 675, 128 P. 2d 338, 342, the court said: 'The validity of legislation in aid of the act of Congress concerning extradition is now well established (citing cases) and it has been held that a state may legislate upon a subject of extradition unprovided for because Congress failed to extend section 5278 of the Revised Statutes to the full limits of constitutional power. Innes v. Tobin, 240 U.S. 127, 36 S. Ct. 290, 60 L. Ed. 562.'

"The Constitution refers only to persons 'who shall flee from Justice' and provides for their surrender to the state from which they 'fled.' Since Congress may legislate only on the subjects expressly authorized by the Constitution, and since a person cannot flee from a state unless he has been there, its power to provide for the extradition of a person who becomes a party to a conspiracy in one state to commit a crime in a sister state and never enters the latter may be questioned. However, if its power in that respect be conceded it has not undertaken to exercise it. The federal statute (18 U.S.C.A. § 662) does not purport to cover the entire field of extradition. It mentions only one class of persons—those who flee from the state in which the crime was committed and who are fugitives from justice. *The Uniform Criminal Extradition Act does not provide for the extradition of persons of that class but covers persons in an entirely different category — those who commit an act in one state intentionally resulting in a crime in another state. Since each statute refers to a subject different and distinct from the other there is no conflict and each is enforceable in its own sphere.*" (Italics ours.)

The most recent decision concerning this question is the case of Ex parte Hayes, Cal. App., 225 P. 2d 272, set forth in the advance sheets of the Pacific Reporter for January 19, 1951. The facts in that case are identical to those in the instant case. There the petitioner was held in California on a warrant issued by the Governor of California on the demand for extradition issued by the Governor of Oklahoma in which it was sought to compel the petitioner to answer a charge in this state of desertion of his minor children. In that case the petitioner had never been in the State of Oklahoma but the allegations in the extradition proceedings were the same as were those in the demand issued by the Governor of Kansas in the instant case, to wit:

"While not personally present in the State of Oklahoma Hayes committed the act complained of in the State of California, intentionally resulting in the commission of said crime in the State of Oklahoma."

The California court held that the validity of this section of the statute was no longer open to question and denied petitioner's request for release from custody.

When the petition in the instant case was first presented the forcefulness of his contention appealed to the members of this court but after mature consideration, including an examination of the many authorities upon the question involved, it is clear that there is no constitutional impediment to the state legislation involved. All of the authorities, both state and federal, so hold. 22 Am. Jur. Extradition, Sec. 9.

The writ of habeas corpus is discharged and the petitioner is remanded to the custody of the agent of the State of Kansas for transportation back to that state to answer the charge there pending against him.

BRETT, P. J., and POWELL, J., concur.