244 P.2d 790

**Ex parte DALTON.**

No. 5500.

Supreme Court of New Mexico.

May 17, 1952.

G. T. Watts, Roswell, for applicant.

Joe. L. Martinez, Atty. Gen., W. F. Kitts, Asst. Atty. Gen., for respondent.

SADLER, Justice.

We are asked to determine the constitutionality of section 6 of the Uniform Criminal Extradition Act, 1941 Comp. § 42–1906 and, if sustained as against the challenges urged touching its validity, its applicability to the grounds for petitioner's detention.

The facts are simple and not in dispute. The petitioner is held in custody by the sheriff of Chaves County, New Mexico, on a warrant of extradition issued by the Governor of New Mexico at the request of the Governor of California seeking the prisoner's return to that state to answer the charge of "Failure to Provide for Minor Children," pending against him in the Municipal Court of the City and County of San Diego, State of California, pursuant to Penal Code, §§ 270 and 1549.1. Prior to date of the offense charged an interlocutory degree of divorce had been entered in that state dissolving the marriage of the parties. Under its terms the petitioner was ordered to pay his former wife, the prosecuting witness, $30 per month for the support of the three minor children of the marriage.

At the time of petitioner's departure from California for New Mexico he was

not in default in the payments ordered by the interlocutory decree. The requisition papers themselves disclose petitioner was in New Mexico when commission of the offense charged was set in motion by his default in making payment of the support money ordered for his minor children which later and as intended by him resulted in the consummation of the offense and its commission in the State of California. It is because the Act in question permits his extradition for the commission of an offense set in motion by him in New Mexico while physically present there, even though completed in California, that petitioner says the Act is bad from a constitutional standpoint. This challenge presents the first question for decision.

The pertinent section of the Act in question, being § 6 of the Uniform Act but our 1941 Comp. § 42–1906, reads as follows:

"*Fugitive from another state who was absent therefrom at time of commission of crime.*—The governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in section 3 (§ 42–1903) with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, and the provisions of this act not otherwise inconsistent, shall apply to such cases, even though the accused was not in that state at the time of the commission of the crime, and has not fled therefrom."

■ Since the enactment of the Uniform Criminal Extradition Act, L. 1937, c. 65, by more than thirty of the several states its constitutionality has been sustained against the challenges here urged against it by so many decided cases, that we shall do no more than cite only a few of the leading decisions. Ex parte Morgan, D.C., 78 F. Supp. 756, affirmed Morgan v. Horrall, 9 Cir., 175 F.2d 404; Ex parte Morgan, 86 Cal.App.2d 217, 194 P.2d 800; Taylor v. Smith, 213 Ind. 640, 13 N.E.2d 954; Culbertson v. Sweeney, 70 Ohio App. 344, 44 N.E.2d 807; English v. Matowitz, 148 Ohio St. 39, 72 N.E.2d 898; Cassis v. Fair, 126 W.Va. 557, 29 S.E.2d 245, anno. 151 A.L.R. 239.

■ Notwithstanding this imposing array of authorities supporting constitutionality of section 6, 1941 Comp. § 42–1906 of the Act in question, the petitioner still insists even if valid as to other types of crime that it has no application to an offense of the type here involved, namely, "Failure to Provide for Minor Children." As already shown the offense named has been made a misdemeanor in the state of California, P.C. 270, and under certain conditions here charged a felony. This

challenge to application of the questioned Act to the offense involved has in several cases been squarely met and denied. McLarnan v. Hasson, Iowa, 49 N.W.2d 887; People ex rel. Faulds v. Herberich, 276 App.Div. 852, 93 N.Y.S.2d 272; In re Roma, 82 Ohio App. 414, 81 N.E.2d 612; Ex parte Coleman, Tex.Cr.App., 245 S.W.2d 712.

In People v. Herberich, supra, [276 App.Div. 852, 93 N.Y.S. 273] the Appellate Division of the Supreme Court of New York disposed of the main contention here urged against the validity of the Act, that it permits extradition of persons not present in the demanding state at the time of commission of the crime charged, in the following language, to-wit:

"Order affirmed. In our opinion, section 834 of the Code of Criminal Procedure, which is part of the Uniform Criminal Extradition Act, and which permits extradition of persons not present in the demanding State at the time of the commission of the crime, is not in conflict with Article IV, section 2, of the United States Constitution and the Federal statutes enacted thereunder, but is a valid and constitutional exercise of the police power of the State of New York. Cf. English v. Matowitz, 148 Ohio St. 39, 72 N.E.2d 898; Matter of Roma, 82 Ohio App. 414, 81 N.E.2d 612; Cassis v. Fair, 126 W.Va. 557, 29 S.E.2d 245, 151 A.L.R. 233; State ex rel. Gildar

v. Kriss, [191] Md. [568], 62 A.2d 568; Quaker Oats Co. v. City of New York, 295 N.Y. 527, 534, 68 N.E.2d 593, 595. Other contentions advanced by appellant are without merit."

The Court of Appeals of Ohio in the case, In re Roma, supra, [82 Ohio App. 414, 81 N.E.2d 613] had this to say touching the matter, namely:

"However, under the provisions of the Uniform Criminal Extradition Act, the transfer of persons accused of crime may be accomplished even though the accused is not a fugitive from justice within the meaning of the federal Constitution. English v. Matowitz, 148 Ohio St. 39, 72 N.E.2d 898; 9 Uniform Laws Annotated, 170, 171.

"The cases cited by petitioner and relied on by him antedate the enactment in this state of the Uniform Criminal Extradition Act, Sections 109-1 to 109-32, General Code, inclusive, August 20, 1937. The statutes then in force, Sections 109 to 115, inclusive, General Code, relative to the extradition of fugitives from justice, were expressly repealed by that enactment, 117 Ohio Laws, 588. The repealed sections of the Code provided, among other things, that the party accused must be a fugitive from justice charged with a crime in the demanding state from whence he fled, and that the demand must be made in good faith. 18 Ohio Jurisprudence,

941, Sections 14 and 15; Wilcox v. Nolze, 34 Ohio St. 520; In re Williams, 5 Ohio App. 55, 25 Ohio Cir.Ct.R., N.S., 249, 27 Ohio Cir.Dec. 385; Ex parte Maloney, 29 Ohio Cir.Dec. 357, 27 Ohio Cir. Ct.R., N.S., 529; 8 O.L.J. 266; People of State of Illinois ex rel. Mc-Nichols v. Pease, 207 U.S. 100, 28 S.Ct. 58, 52 L.Ed. 121.

\* \* \* \* \* \*

"Under the provisions of Section 109-6, General Code, it appears that the Governor of this state is given permissive authority to surrender any person, on demand of the executive authority of another state, who has committed an act in Ohio, or in a third state, and which act intentionally results in a crime in the demanding state."

The cases cited and relied upon by petitioner appear to have been decided prior to 1932, seemingly the earliest date on which any of the states had adopted the Uniform Criminal Extradition Act. No attack is made on the sufficiency of the warrant or extradition papers nor is it claimed that a crime has not been properly charged. The identity of the prisoner is admitted. He has failed to show ground for his discharge. Accordingly, he will be remanded to the custody of the sheriff of Chaves County, New Mexico.

It is so ordered.

LUJAN, C. J., and COMPTON and COORS, JJ., concur.

McGHEE, J., not participating.