(No. 37599.— )

THE PEOPLE *ex rel.* STEFAN BRENNER, Appellant, *vs.*
FRANK G. SAIN, Sheriff, Appellee.

*Opinion filed Sept. 27, 1963.—Rehearing denied Nov. 25, 1963.*

BELLOWS, BELLOWS & MAGIDSON, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:
The appellant, Stefan Brenner, was arrested under an

extradition warrant issued by the Governor of the State of Illinois at the request of the Governor of the State of Wisconsin. He filed a petition for a writ of *habeas corpus* in the criminal court of Cook County and after a hearing the court quashed the writ and ordered that the appellant be remanded to the custody of the sheriff of Cook County for delivery to an agent of the State of Wisconsin. This appeal has been perfected to review that order. Ill. Rev. Stat. 1961, chap. 60, par. 27.

The demand of the Governor of Wisconsin stated that the appellant was charged with committing acts in Illinois which intentionally resulted in his committing the crime of abandonment and nonsupport in Wisconsin. From the papers submitted with the demand it appeared that in 1949 a child was born to the complainant in Germany. In 1950 a German court found that appellant was the father of the child and ordered him to pay support money to the complainant. The complainant later came to the United States, married another man, and settled in Wisconsin, and the appellant also came to the United States, married another woman, and settled in Illinois without ever having lived in Wisconsin.

The warrant issued by the Illinois Governor recited that a demand had been made upon him for the appellant's arrest as a fugitive from justice; that he had been furnished with a copy of a complaint made before a Wisconsin magistrate, charging appellant with committing acts in Illinois which resulted in committing the crime of abandonment and nonsupport in Wisconsin; and that he was satisfied that appellant was a fugitive from justice who had fled from Wisconsin and taken refuge in Illinois. The warrant ordered the arrest of the appellant, describing him as a fugitive.

The first contention advanced on this appeal is that the warrant of the Governor of Illinois, describing the appellant as a fugitive and ordering his arrest as a fugitive, is invalid because it is in conflict with the demand and supporting

papers which show that the appellant had never been in Wisconsin and was therefore not a fugitive from that State. In support of this contention appellant relies strongly upon *People ex rel. Ritholz* v. *Sain,* 24 Ill.2d 168. In that case the demand by the Governor of the State of Michigan stated that the relator had been charged by a complaint and warrant with a certain offense. However, the supporting papers showed that the relator had been tried, convicted and sentenced and that his conviction had been affirmed by the Michigan Supreme Court. It appeared from these papers that the relator had been admitted to bail pending the outcome of his appeal and that he became a fugitive from justice when he failed to surrender himself following the affirmance of his conviction. We held that the conflict between the demand and supporting papers rendered the Illinois warrant invalid. In the present case the supporting papers and the Wisconsin Governor's demand are not in conflict, since they each are based upon the allegation that the appellant was charged with conduct in Illinois which resulted in his commission of a crime in Wisconsin. The warrant signed by the Governor of Illinois was a printed form which contained language describing the appellant as a fugitive from justice. The form was modified by inserting, in typewriting, language reciting that the appellant was charged with committing acts in the State of Illinois which resulted in his commission of a crime in the State of Wisconsin. However, the printed portion of the Governor's warrant reciting that the appellant was a fugitive from justice was not stricken. It is apparent from the modification of the warrant that it was issued on the basis that appellant was charged in Wisconsin with committing acts in Illinois resulting in the commission of a crime in Wisconsin. The language in the printed form of the warrant describing the appellant as a fugitive from justice who had fled from Wisconsin may be disregarded as surplusage and, when the warrant is construed with this language omitted there is no

conflict between the supporting papers, the demand, and the warrant. Cf. *Harrison* v. *State,* 38 Ala. App. 60, 77 So. 2d 384, 386.

Appellant also contends that he is not, in any event, subject to extradition since he was not in Wisconsin at the time the crime was allegedly committed and is therefore not a fugitive from that State. In the absence of statutory authority it has been held that a person may successfully resist extradition by proving that he was not in the demanding State at the time the crime was alleged to have been committed. (*People ex rel. Garner* v. *Clutts,* 20 Ill.2d 447, 455.) However, section 6 of the Uniform Criminal Extradition Act, (Ill. Rev. Stat. 1961, chap. 60, par. 23,) provides that: "The Governor of this State may also surrender, on demand of the Executive Authority of any other state, any person in this State charged in such other state in the manner provided in Section 3 with committing an act in this State, or in a third state, intentionally resulting in a crime in the state whose Executive Authority is making the demand." This section, by its express terms, authorizes extradition of persons who are not, strictly speaking, fugitives from the demanding State. The only remaining question, therefore, is the validity of this provision, and, in such regard, appellant contends that it is unconstitutional on the ground that it is repugnant to section 2 of article IV of the United States constitution, which provides: "A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

Appellant argues that the constitutional provision and the Federal statute on the subject, (U.S.C., Title 18, sec. 3182,) provide the sole authority for the extradition of persons charged with crimes, and that since they refer only to persons who are fugitives from justice, any State legisla-

tion purporting to authorize extradition of other persons is invalid. The United States Supreme Court has not squarely passed upon the validity of the act involved here, but in *People* v. *O'Neill,* 359 U.S. 1, 3 L. ed. 2d 585, 79 S. Ct. 564, the court upheld the validity of the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings. The validity of that act was challenged, in part, upon the ground that section 2 of article IV of the United States constitution impliedly denied the right of States to fashion other cooperative arrangements for the effective administration of justice. In rejecting this claim, the court stated that such an argument would reduce the constitution to a rigid, detailed and niggardly code. The court went on to explain that the constitution did not purport to exhaust imagination and resourcefulness in devising interstate relationships, and stated that the constitution should not be construed to limit the variety of arrangements which are possible through voluntary and cooperative action between the States. The court noted that in devising such arrangements, many States have adopted uniform laws, including the Uniform Criminal Extradition Act. The language and reasoning of the Supreme Court strongly support the validity of the act involved here.

Furthermore, we find that the Uniform Criminal Extradition Act has been adopted in 44 States, and that in all jurisdictions in which section 6 of the act has been attacked, its validity has been upheld. (*Ex parte Cooper,* 53 Cal. 2d 772, 349 P.2d 956, cert. den., 364 U.S. 294, 5 L. ed. 2d 83, 81 S. Ct. 104; *English* v. *Matowitz,* 148 Ohio St. 39, 72 N.E.2d 898; *Cassis* v. *Fair,* 126 W. Va. 557, 29 S.E.2d 245; *Ennist* v. *Baden,* 158 Fla. 141, 28 So. 2d 160; *State ex rel. Gildar* v. *Kriss,* 191 Md. 568, 62 A. 2d 568; *People ex rel. Faulds* v. *Herberich,* 276 App. Div. 852, 93 N.Y.S.2d 272, aff'd 301 N.Y. 614, 93 N.E.2d 913; *Ex parte Dalton,* 56 N.M. 407, 244 P.2d 790; *Ex parte Bledsoe,* 93 Okl. Cr. App. 302, 227 P.2d 680; *Lindley* v. *Crider,* 223 Ark. 200,

265 S.W.2d 498; *Exparte Morgan* v. *Horrall,* (S.D. Calif.) 78 F. Supp. 756, aff'd (9th cir.) 175 F. 2d 404.) This unanimity of opinion is further persuasive authority as to the validity of this section.

However, even without regard to such authorities, we think it is clear that the section is valid. The constitutional provision and the Federal statute pertain only to persons who have fled from justice and do not purport to cover the entire field of extradition. There is nothing in either the United States constitution or the Federal statute negating the power of the States to provide for the extradition of persons who are not fugitives in the technical sense. Under these circumstances, power to deal with such persons is vested in the States. We therefore hold that section 6 of the Uniform Criminal Extradition Act is constitutional.

The order of the trial court quashing the writ of *habeas corpus* was correct and the order is therefore affirmed.

*Order affirmed.*