**Cloyd T. MOSER, Appellant,**

v.

**Stanley J. ZABORAC, Superintendent, Alaska State Jail, Appellee.**

**No. 1847.**

Supreme Court of Alaska.

Sept. 12, 1973.

Douglas B. Baily, of Matthews, Dunn & Baily, Anchorage, for appellant.

John E. Havelock, Atty. Gen., Juneau, Seaborn J. Buckalew, Jr., Dist. Atty., W. H. Hawley, Asst. Dist. Atty., Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN and FITZGERALD, JJ.

OPINION

PER CURIAM.

This is an appeal from a denial of a writ of habeas corpus to prevent extradition of appellant Moser to Minnesota under a Governor's Warrant of Extradition issued by the Governor of Alaska.

Moser makes the general contention that his extradition would be improper because the request for extradition filed by Minnesota established that he had not been present in Minnesota at the time the crime had been committed[1] and thus he was not a fugitive from that state.

■ Moser raises three specific claims with regard to his contention that the trial court erred in rejecting his position. (1) The federal law has preempted the extradition field and only permits extradition where a person commits crimes in a state and subsequently flees. Thus AS 12.-70.050 which permits extradition of persons who commit crimes within a state without being present therein would be void as it conflicts with controlling federal law. (2) The Alaska Governor's Warrant was invalid because it referred to Moser as a fugitive from Minnesota when he had never been in Minnesota. (3) There were serious variances between the supporting papers and the Alaska Governor's Warrant.[2]

■ The question of whether or not the federal law has preempted the extradition field has been answered in the negative by every court which has ruled on the point.[3] While the United States Supreme Court has not ruled precisely on the point, we

1. In fact the request for extradition stated that Moser had committed a crime in Idaho which further resulted in a crime in Minnesota.

2. The variance between the supporting papers and the Alaska Governor's Warrant of Extradition was not raised in the superior court, and we will not consider it for the first time on appeal. *E. g.*, Moran v. Holman, 501 P.2d 769, 770 n. 1 (Alaska 1972).

3. In re Cooper, 53 Cal.2d 772, 349 P.2d 956 appeal dismissed, sub nom. Cooper v. Pitch-ess, 364 U.S. 294, 81 S.Ct. 104, 5 L.Ed. 2d 83 (1960) ; Ex parte Morgan, 78 F.Supp. 756 (S.D.Cal.1948), aff'd, Morgan v. Horrall, 175 F.2d 404 (9th Cir. 1949) ; Sheriff, Clark County v. Thompson, 85 Nev. 211, 452 P.2d 911 (1969) ; Clayton v. Wichael, 258 Iowa 1037, 141 N.W.2d 538 (1966) ; People ex rel. Brenner v. Sain, 29 Ill.2d 239, 193 N.E.2d 767 (1963) ; Ex parte Bledsoe, 93 Okl.Cr. 302, 227 P.2d 680 (1951) ; English v. Matowitz, 148 Ohio St. 39, 72 N.E.2d 898 (1947) ; Cassis v. Fair, 126 W.Va. 557, 29 S.E.2d 245 (1944).

**14**

feel a fair reading of New York v. O'Neill[4] supports the position that the Uniform Extradition Act would be upheld. *O'Neill* upholds provisions of the Uniform Act for Securing Attendance of Witnesses against a similar challenge of preemption.

The challenged provision (AS 12.-70.050[5] is part of the Uniform Extradition Act which is the law in 45 states, including Alaska. We hold that AS 12.70.050 permits extradition to a demanding state, at the discretion of the Governor, of a person whose acts were committed in a third state and intentionally resulted in a crime in the demanding state.

Moser attempts to bolster his argument for the limitation of extradition solely to the rules set forth in the federal statutes relating to fugitives from the demanding state by pointing to a limitation in AS 12.70.010[6] to follow only federal law. We, however, do not read AS 12.70.010 as a limitation on the right of extradition by the state, and we find the adoption of the Uniform Extradition Act provides a sufficient basis for the extradition in this case. Appellant has not cited any authority nor have we found any which would require this court to override a valid statutory enactment.

Moser correctly contends that the Alaska Governor's Warrant of Extradition is improper because it refers to him as a fugitive from Minnesota while the supporting papers clearly establish that the act complained of took place in Idaho, and that he was not present in Minnesota. The request from Minnesota for extradition of Moser correctly portrays the actions of Moser, but the Alaska Governor's Warrant of Extradition is in error.

We, however, find the error to be harmless for it does not affect the substantial rights of appellant herein. The designation can be stricken as surplusage as it is unnecessary to the proper authority of the Governor to act under the statute.[7]

The decision of the superior court is affirmed.

4. 359 U.S. 1, 79 S.Ct. 564, 3 L.Ed.2d 585 (1959).

5. AS 12.70.050 provides:
    *Extradition of person not present in demanding state at time of commission of crime.* The governor of this state may also surrender, on demand of the executive authority of another state, a person in this state charged in the other state in the manner provided in § 20 of this chapter with committing an act in this state, or a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, and the provisions of this chapter not otherwise inconsistent shall apply to those cases, even though the accused was not in that state at the time of the commission of the crime and has not fled from that state.

6. AS 12.70.010 provides:
    *Fugitives from other states and duty of governor.* Subject to the provisions of this chapter, the provisions of the constitution of the United States controlling, and any and all acts of Congress enacted in pursuance thereof, it is the duty of the governor of this state to have arrested and delivered up to the executive authority of another state a person charged in that state with treason, felony, or other crime, who has fled from justice and is found in this state.

7. Clayton v. Wichael, 258 Iowa 1037, 141 N.W.2d 538 (1966); People ex rel. Brenner v. State, 29 Ill.2d 239, 193 N.E.2d 767 (1963); In re Cooper, 53 Cal.2d 772, 349 P.2d 956, sub. nom., 364 U.S. 294, 81 S.Ct. 104, 5 L.Ed.2d 83 (1960).