EROH v MANISTEE COUNTY SHERIFF

Docket No. 77-4420. Submitted June 6, 1978, at Grand Rapids.— Decided October 18, 1978.

California requested the Governor of Michigan to extradite plaintiff, Frederick P. Eroh, for the felony offense of willful nonsupport. Plaintiff was taken into custody pursuant to a Governor's warrant. A habeas corpus proceeding was commenced in Manistee Circuit Court with plaintiff claiming he did not willfully refuse to provide support and that the Uniform Criminal Extradition Act is unconstitutional. He did not challenge the sufficiency of the extradition documents nor allege that California did not substantially charge the commission of a crime within its jurisdiction. Charles A. Wickens, J., found that plaintiff had no duty to provide support and granted a writ of habeas corpus. Defendant, Manistee County Sheriff, appeals. *Held:*

1. A state has the power to deal with the extradition of nonfugitives in the absence of Federal control.

2. The duty to provide support must be decided by the California court. The Michigan court may only inquire as to the sufficiency of the extradition documents, including the question of whether the person whose extradition is demanded was substantially charged with the commission of a crime; therefore, the grant of habeas corpus based upon no duty to support where no challenge was made to the sufficiency of the extradition documents went beyond the trial court's limited scope of inquiry and was improper.

Reversed and remanded.

1. CONSTITUTIONAL LAW—FUGITIVES—EXTRADITION.

A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state

REFERENCES FOR POINTS IN HEADNOTES
[1] 31 Am Jur 2d, Extradition § 4.
[2] 31 Am Jur 2d, Extradition § 6.
[3, 4] 31 Am Jur 2d, Extradition §§ 14, 15.
[5, 6] 39 Am Jur 2d, Habeas Corpus § 76.

from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime (US Const, art IV, § 2).

2. EXTRADITION—UNIFORM CRIMINAL EXTRADITION ACT—FEDERAL PROCEDURES—STATE PROCEDURES—CONSTITUTIONAL LAW—STATUTES.

The procedures to be followed in applying the Uniform Criminal Extradition Act are for the most part governed by Federal statute; however, the statute is not exactly coterminous with the power granted by the constitution and the states are free to adopt their own procedures in those cases which are not covered by Federal law (18 USC 3182; MCL 780.3a; MSA 28.1285[3-1/2]).

3. EXTRADITION—UNIFORM CRIMINAL EXTRADITION ACT.

The Uniform Criminal Extradition Act permits extradition of those who are not fugitives from justice in the constitutional sense (US Const, art IV, § 2; MCL 780.3a; MSA 28.1285[3-1/2]).

4. EXTRADITION—CONSTITUTIONAL LAW—UNIFORM CRIMINAL EXTRADITION ACT—EXTRADITION OF NONFUGITIVES—VALIDITY.

The Michigan Uniform Criminal Extradition Act is valid; neither the United States Constitution nor Federal statute negate the power of the states to provide for the extradition of persons who are not fugitives in the technical sense; under these circumstances, the power to deal with such persons is vested in the states.

5. EXTRADITION—HABEAS CORPUS—SCOPE OF INQUIRY.

The scope of inquiry on habeas corpus challenging the extradition of a fugitive is limited to whether the demanding state has substantially charged the commission of a crime within its jurisdiction and whether the accused is the person so charged; the purpose for this narrow inquiry is to avoid any imposition upon the courts of a state of the duty to critically examine the laws of sister states with whose jurisprudence and criminal procedure the court could only have a general acquaintance and the burden would be intolerable, certain to lead to errors in decision, irritable to the just pride of the states, and fruitful of miscarriages of justice; for these same reasons, the scope of inquiry on habeas corpus challenging extradition of nonfugitives applies.

6. EXTRADITION—SUFFICIENCY OF EXTRADITION DOCUMENTS—HABEAS CORPUS—CHARGE OF CRIME—ERROR.

A Michigan court in an extradition case may only inquire as to

the sufficiency of extradition documents including the question of whether the demanding state has substantially charged the person, whose extradition is demanded, with the commission of a crime; the grant of a writ of habeas corpus where no challenge is made to the sufficiency of the extradition documents is improper.

*John F. Huft,* for plaintiff.

*Dennis L. Keleher,* Prosecuting Attorney, and *Thomas N. Brunner,* Assistant Prosecuting Attorney, for defendant.

Before: DANHOF, C.J., and V. J. BRENNAN and R. H. CAMPBELL,* JJ.

V. J. BRENNAN, J. This appeal involves two pertinent inquiries: (1) the constitutionality of § 3a the Uniform Criminal Extradition Act, MCL 780.3a; MSA 28.1285(3-1/2), dealing with the extradition of nonfugitives; and if the provision is constitutionally valid, then, (2) the scope of inquiry on habeas corpus from an extradition warrant brought pursuant to this section.

On November 24, 1976, the State of California requested the Governor of the State of Michigan to extradite Frederick Paul Eroh, plaintiff-appellee, for the felony offense of willful nonsupport. A Governor's warrant was issued on February 3, 1977, pursuant to the California request, and the plaintiff was taken into custody.

The plaintiff brought a habeas corpus proceeding in the Manistee County Circuit Court pursuant to MCL 780.9; MSA 28.1285(9). It must be noted that the plaintiff did not challenge the sufficiency of the extradition documents nor did he claim that the demanding state did not substantially charge the commission of a crime within its jurisdiction.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

In the habeas corpus proceeding the plaintiff argued that he did not willfully refuse to provide support. The plaintiff pointed out that no support order was ever issued by the Manistee County Circuit Court.[1] The plaintiff further argued that § 3a of the act was unconstitutional as violative of his equal protection and due process rights.

The trial court found that the plaintiff had no duty to provide support and granted the writ of habeas corpus.

Initially, we must address the constitutionality of the extradition provision in question. The Federal Constitution provides for the extradition of fugitives from justice. US Const, art IV, § 2, states in part:

"A Person charged in any State with Treason, Felony, or other crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

The procedures to be followed in such cases are for the most part governed by Federal statute, 18 USC 3182. The statute, however, is not "exactly coterminous with the power granted by the constitution" and the states are free to adopt their own procedures in those cases which are not covered by Federal law. *Innes v Tobin,* 240 US 127; 36 S Ct 290; 60 L Ed 562 (1916).

The Uniform Criminal Extradition Act permits

---

[1] The State of California on two previous occasions had brought URESA (Uniform Reciprocal Enforcement of Support Act, MCL 780.151 *et seq.;* MSA 25.225[1] *et seq.)* actions in the circuit court for the County of Manistee in 1973 and 1974. Both actions were dismissed for the reason that the jurisdiction for subsequent proceedings involving support lay within the jurisdiction of Florida where the divorce between the parties was obtained.

extradition of those who are not fugitives from justice in the constitutional sense. Section 3a of the act provides:

"The governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in section 3 with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, and the provisions of this act not otherwise inconsistent shall apply to such cases, even though the accused was not in that state at the time of the commission of the crime, and has not fled therefrom, and the requirements contained in subdivisions (d) and (e) of section 3 of this act shall not apply to such cases."

The Uniform Criminal Extradition Act has been adopted in 47 states, and in all jurisdictions in which § 3a of the act has been attacked, its validity has been upheld.[2] This unanimity of opinion is persuasive authority as to the validity of this section.

However, even without regard to such authorities, we think it is clear that the section is valid. The constitutional provision and the Federal statute pertain only to persons who have fled from justice and do not purport to cover the entire field of extradition. There is nothing in either the

[2] *In re Cooper*, 53 Cal 2d 772; 3 Cal Rptr 140; 349 P2d 956 (1960), *cert den*, 364 US 294; 81 S Ct 104; 5 L Ed 2d 83 (1960), *English v Matowitz*, 148 Ohio St 39; 72 NE2d 898 (1947), *Cassis v Fair*, 126 W Va 557; 29 SE2d 245 (1944), *Ennist v Baden*, 158 Fla 141; 28 So 2d 160 (1946), *State v Kriss*, 191 Md 568; 62 A2d 568 (1948), *People v Herberich*, 276 App Div 852; 93 NYS2d 272 (1949), *Ex parte Dalton*, 56 NM 407; 244 P2d 790 (1952), *Ex parte Bledsoe*, 93 Okla Crim 302; 227 P2d 680 (1951), *Lindley v Crider*, 223 Ark 200; 265 SW2d 498 (1954), *Ex parte Morgan*, 78 F Supp 756 (SD Cal 1948), *Ex parte Coleman*, 157 Tex Crim 37; 245 SW2d 712 (1951), *People v Sain*, 29 Ill 2d 239; 193 NE2d 767 (1963).

United States Constitution or the Federal statute negating the power of the states to provide for the extradition of persons who are not fugitives in the technical sense. Under these circumstances, the power to deal with such persons is vested in the states. We therefore hold that § 3a of the Uniform Criminal Extradition Act is constitutional.

The next question to be resolved is the scope of inquiry in a habeas corpus proceeding challenging extradition under § 3a of the act. Under Michigan case law the scope of inquiry on habeas corpus challenging the extradition of a fugitive is limited to whether the demanding state has substantially charged the commission of a crime within its jurisdiction and whether the accused is the person so charged. *In re Rayborn,* 18 Mich App 468; 171 NW2d 460 (1969). See also *Williams v Wayne County Sheriff,* 395 Mich 204; 235 NW2d 552 (1975), and MCL 780.19; MSA 28.1285(19). The purpose for this narrow inquiry is to avoid any imposition upon the courts of this state of the duty to critically examine the laws of sister states with whose jurisprudence and criminal procedure our courts can only have a general acquaintance. Such a duty would be an intolerable burden, certain to lead to errors in decision, "irritable to the just pride of the states, and fruitful of miscarriages of justice". *Pierce v Creecy,* 210 US 387, 405; 28 S Ct 714, 720; 52 L Ed 1113, 1121 (1908). For the aforementioned reasons, we hereby apply this same scope of inquiry on habeas corpus challenging the extradition of nonfugitives.

In the present case the trial court went beyond its limited scope of inquiry in granting the writ of habeas corpus. The trial court's ruling that the plaintiff had no duty to provide support was inappropriate. This question must be decided by the

California court under its criminal law. The Michigan court in the present case may only inquire as to the sufficiency of the extradition documents including the question of whether the demanding state has substantially charged the defendant with the commission of a crime. Since the plaintiff did not challenge the sufficiency of the extradition documents, the trial court's granting of the writ of habeas corpus was improper.

The trial court is ordered to set aside its order granting the writ of habeas corpus and is directed to enter an order consistent with this opinion.