JONES AND ATKINSON v. LEONARD.

1. **Extradition**: REQUISITION: EVIDENCE. The determination of the Governor that the sworn evidence accompanying a requisition is sufficient to establish the facts upon which the requisition is based, is not conclusive of the matters therein set forth.

2. ——: ——: WHO IS A FUGITIVE. A citizen and resident of Iowa who is charged with having been constructively guilty of an offense in another State upon which a requisition is based, but who never in fact has fled therefrom, is not a fugitive from justice within the meaning of the constitution.

*Appeal from an Order made by Hon. D. C. Richman, Judge of the Circuit Court of Scott County.*

TUESDAY, DECEMBER 10.

THE plaintiffs were indicted, in the State of Massachusetts, for the crime of "cheating, by false pretenses, with intent to defraud." On the requisition of the Governor of said State the Governor of Iowa issued a warrant for the arrest of plaintiffs, and their delivery to an agent appointed by the Governor of Massachusetts, for the purpose of taking them to the last named State. The defendant, as sheriff, made the arrest, and, while in his custody, the plaintiffs applied for and obtained a writ of *habeas corpus.*

At the hearing the plaintiffs were discharged from custody, and the defendant appeals.

*Davison & Lane*, for appellant.

*Rose & Linsley, Bills & Block* and *Cook & Richman*, for appellees.

SEEVERS, J.—The learned judge of the Circuit Court discharged the plaintiffs from custody, as we infer, on two grounds: *First*, that the plaintiffs were not in fact fugitives from justice, for the reason that they had never fled; and, *second*, the evidence accompanying the requisition failed to show they were such; and appellees mainly, if not entirely, rely thereon for an affirmance. It is not claimed the plaintiffs were ever even temporarily residents of the State of Massachusetts. At the time the alleged crime was committed they were citizens of and residents of this State.

*1. EXTRADI-TION: requisition: evidence.*

The false pretense was contained in a letter written by them in this State to certain persons in Boston, in which it was stated they owned a large amount of property over and above their indebtedness, by means of which they obtained on credit certain merchandise.

The Constitution of the United States provides that "a person charged in any State with treason, felony, or other crime, who shall flee from justice and be found in another State, shall, on demand of the executive authority of the State from which he fled, be delivered up to be removed to the State having jurisdiction of the crime."

It is provided by a statute of this State that the requisition of the Governor of another State "shall be accompanied by sworn evidence that the party charged is a fugitive from justice." Code, § 4174.

The sworn evidence accompanying the requisition consisted of an affidavit in which it was stated the plaintiffs "are fugitives from justice." There are grave doubts whether such a statement constitutes the evidence required by the statute. Whether the plaintiffs were such fugitives is a mixed question

of law and fact. The latter being stated or ascertained, a legal conclusion would follow or be based thereon. Instead of stating facts, the affidavit states nothing more than the legal conclusion of the person making the affidavit. The statute requires the Governor to determine whether or not the person or persons are fugitives from justice. Sworn evidence is to be submitted to him to enable him to do so. Such evidence may be in the form of affidavits. But instead of any facts being stated, upon which an independent judgment could be formed, the Governor must have relied wholly on the legal conclusion of another.

It seems to us that to sanction such a proceeding would be establishing a dangerous precedent. By issuing his warrant for the arrest of the plaintiffs it may be said the Governor has determined this question. But this does not conclude all inquiry by the courts as to the sufficiency of the evidence upon which his conclusion was based. It may be conceded that the affidavit was *prima facie* sufficient, or rather it was the province of the Governor to so determine. But this we do not think is conclusive upon this or any other question connected with the extradition of the citizen. This point will be further noticed hereafter. Conceding, however, that the determination of the Governor is conclusive as to the sufficiency of the affidavit, we have for determination the question whether the plaintiffs are in fact fugitives from justice.

Bouvier defines such a person to be "one who, having committed a crime in one jurisdiction, goes into another in order to evade the law and avoid punishment" (1 Bouvier's Law Dictionary, 551) ; and the Constitution of the United States defines such person to be one "who shall flee from justice."

2. ——: ——: fugitive.

It is difficult to see how one can flee who stands still. That there must be an actual fleeing we think is clearly recognized by the Constitution of the United States. The words "who shall flee" do not include a person who never was in the country from which he is said to have fled.

It is urged, however, that the plaintiffs were constructively in Massachusetts at the time the crime is alleged to have been committed, and that they have constructively fled therefrom.

In *The People v. Adams*, 3 Denio, 190, it was held that a person actually a resident of Ohio could commit a crime in New York, and upon his coming voluntarily into the last named State he could be there tried and convicted. We are not required to either approve or disapprove the doctrine laid down in this case, and it will be presumed the laws of Massachusetts are the same as those of New York in this respect. In the cited case the defendant went voluntarily into the State of New York, and it might with much propriety be said that, having so done, he was amenable to the laws thereof.

The question in the case at bar is very different. Granting that a crime may be thus committed, the question before us is whether, then, the State of Iowa is bound to surrender a citizen to the State in which the crime was committed? This depends upon the obligation in this respect imposed by the Constitution of the United States. Before it can be said there is such an obligation, two things must appear. There must be—*First*, a crime charged; and, *second*, that the person charged is a fugitive from justice; that is to say, "that he has fled from the State in which he is charged with the crime to escape punishment." Such must be the legal effect of his fleeing. In other words, he must have been in the State, committed the crime, and fled.

The Constitution of the United States does not require Iowa to surrender, on the demand of a sister State, as a fugitive from justice, one who only constructively has fled from the latter. Hurd on Habeas Corpus (2d Ed.), 612.

If the decision of the Governor is final and conclusive as to this question, it must be so as to all questions touching the extradition of a citizen under the constitutional provision above quoted. Counsel for the appellant concede there are

cases in which a writ of *habeas corpus* may issue, and the prisoner be discharged. In fact, the power of the courts at this day cannot be seriously questioned. Hurd on Habeas Corpus (2d Ed.), 621; *In the matter of Manchester*, 5 Cal., 237; *Ex parte Smith*, 3 McLean, 121.

The Governor of this State is not clothed with judicial powers, and there is no provision of the Constitution or laws of the United States or of this State which provides that his determination is final and conclusive in the case of the extradition of the citizen.

In the absence of such a provision we hold that the decision of the Governor only makes a *prima facie* case; that it is competent for the courts, in a proceeding of this character, to inquire into the correctness of his decision, and discharge the prisoner.

AFFIRMED.