CARROLL M. ROSS, Appellee, v. HENRY A. ALBER et al., Appellants.

No. 44916.

NOVEMBER 14, 1939.

A. D. Pugh, for appellee.

Fred D. Everett, Attorney General, Jens Grothe, Assistant Attorney General, Francis J. Kuble, County Attorney, James P. Irish, Assistant County Attorney, and R. O. Garber, for appellants.

RICHARDS, J.—Upon the petition of plaintiff a writ of habeas corpus was allowed by the trial court, to test the validity of the arrest and restraint of plaintiff by defendants under a warrant issued by the Governor of Iowa in a proceeding for extradition of plaintiff to the state of New Hampshire. The writ was served on defendants. The hearing resulted in an order sustaining the writ and discharging the plaintiff. Therefrom defendants appealed.

Appellants' one and only assignment of error is in these words:

"The court erred in releasing appellee. Defendants' custody of him was legal and proper, the same being pursuant to and by virtue of a legally issued writ of extradition."

This assignment of error exhibits no attempt to specify or point out any complaint against the ruling of the court. If, to discover some complaint, one searches appellants' argument that follows a citation of numerous cases, he may there find the following statement:

"As we understand the claims of the appellee, the only issue in this case is whether or not the appellee, Carroll M. Ross, was a fugitive from justice."

Apparently assuming the correctness of their alleged understanding appellants confine their argument to a discussion of a fact question, that was before the trial court, whether it did or did not appear that plaintiff was such a fugitive. If it be assumed arguendo that, despite our Rule 30, complaint against the ruling of the court may be ascertained from these matters found in the argument, without enlightenment from the assignment of errors, the only complaint on the part of appellants even in that way discoverable, is that plaintiff was

a fugitive from justice and for that reason the court erred in releasing him. But our difficulty is that there were before the trial court other issues in addition to this fact question. Plaintiff's petition for the writ set out several grounds on which he founded the claim that his arrest and detention were unlawful. Some of these went to another vital matter, that is the legality and sufficiency upon their face of the extradition documents that came into the hands of the governor, upon the authority of which the warrant for plaintiff's arrest issued. On this appeal all these matters are relied upon and are argued at length by the appellee, and they were matters justiciable in the trial court in determining the question whether plaintiff was illegally arrested and restrained. In case the trial court found that some of these matters were sufficient to impeach the legality and sufficiency of the extradition documents, then therein may have been the ground or grounds on which the court sustained the writ and discharged plaintiff. Upon what ground the court made its order does not appear, the order being general in its nature. But in no manner have the appellants complained that the court erred in event its ruling was based on the legal questions that have been mentioned. In this state of the record, were we to consider whether it appeared that plaintiff was a fugitive from justice, and in so doing should find for plaintiff, an affirmance would follow because defendants would have failed to sustain the only complaint they make against the ruling. On the other hand should we find with defendants on this fact question we would be unable to grant a reversal because the sufficiency of other grounds on which the order may have been entered would be left undetermined and undeterminable because not before us upon assignment of error. In proceedings at law such as is this case we decide only matters presented for review in the assignments of error. We are of the opinion that the record is such that an affirmance is unavoidable. The principle underlying the holding in Peoples Trust & Savings Bank v. Smith, 212 Iowa 124, 236 N. W. 30, is equally applicable here. Appellee's motion, submitted with the case, to dismiss the appeal on certain grounds therein stated is overruled. The order of the trial court is affirmed.—Affirmed.

OLIVER, C. J., and HAMILTON, MILLER, HALE, BLISS, SAGER, MITCHELL, and STIGER, JJ., concur.