820

IN RE APPLICATION OF PHILLIP T. CAMPBELL, APPLICANT.
PHILLIP T. CAMPBELL, APPELLANT, V. LEONARD S. MURRAY
ET AL., APPELLEES.

25 N. W. 2d 419

FILED DECEMBER 20, 1946. No. 32144.

*Francis M. Casey,* for appellant.

*Kelso A. Morgan, Joseph D. Houston, Theodore L. Kowalski, Walter R. Johnson, Attorney General,* and *Homer L. Kyle,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and WILSON, District Judge.

YEAGER, J.

This is a habeas corpus action instituted in the district court for Douglas County, Nebraska, by Phillip T. Campbell, applicant, against Leonard S. Murray, Special Officer for the Governor of the State of Iowa, William H. Dorrance, Sheriff of Douglas County, Nebraska, and John Doe, keeper of the County Jail of Douglas County, Nebraska, respondents. The action was instituted by petition. The action is in resistance of an effort to remove applicant from the State of Nebraska to the State of Iowa by extradition to answer a charge of second degree murder pending against him in the municipal court of the city of Council Bluffs, County of Pottawattamie, and State of Iowa.

The petition for writ of habeas corpus contains the charge against the applicant and it is the following: "That the defendant is hereby accused of the crime of second degree murder for that defendant on the 23rd day of April, 1946, in Kane Township, Pottawattamie County, Iowa, did wilfully and feloniously and with malice aforethought, kill Marion Blythe, contrary to the statutes in such cases made and provided."

The petition sets forth in substance that pursuant to the filing of the charge the Governor of Iowa made an executive requisition upon the Governor of Nebraska for extradition of applicant from the State of Nebraska to the State of Iowa to answer the charge of second degree murder and that the respondent Leonard S. Murray was designated in the requisition as the agent of the Governor of Iowa to receive the applicant.

The petition further sets forth that the Governor of Nebraska honored the requisition and signed a warrant for the extradition of the applicant under which he was arrested and is being detained by the respondents.

The applicant in his petition contends that his arrest and detention were and are unlawful for the following reasons: (1) That he was not in the State of Iowa on or about the 23d day of April, 1946; (2) that he never fled

from the State of Iowa to avoid prosecution for the charge of second degree murder; (3) that he never committed any overt act while physically present in the State of Iowa which resulted in the death of Marion Blythe; (4) that the requisition contains no allegation sufficient to constitute a crime against the laws of the State of Iowa; (5) that it failed to show that applicant was a fugitive from justice from the State of Iowa for the crime of second degree murder; (6) that there was no sufficient proof furnished the Governor of the State of Nebraska in the affidavit attached to the requisition; and (7) that neither the requisition nor the affidavit attached showed that the applicant had committed any overt act in connection with the alleged crime.

The four last alleged grounds of illegal arrest and detention will not be discussed herein except to say this court has and the district court had no means of knowing the content of the requisition presented by the Governor of Iowa upon the Governor of Nebraska. Apparently it was not offered in evidence. Certainly it is not a part of the bill of exceptions.

The only evidence which was submitted in any wise relating to the requisition for the extradition of applicant to the State of Iowa was the information filed in Iowa and the formal appointment of Leonard S. Murray as the agent of the Governor of Iowa to return applicant to that state. The only other documentary evidence offered was the warrant of extradition issued by the Governor of Nebraska and the notice to applicant of the issuance of the warrant.

It is not contended that any of these documents is defective except that the allegations of the information are insufficient to constitute the charge of a crime against the laws of the State of Iowa. It therefore becomes necessary to disregard herein any and all contentions as to the sufficiency of the requisition except as to the sufficiency of the information under the well-established rule that in the absence of proof to the contrary, it will be presumed that the Governor acted in conformity with law in the issu-

ance of his warrant. 35 C. J. S., Extraditions, § 16 d, p. 345.

The question of the sufficiency of the information to constitute a charge of crime under the laws of the State of Iowa must be resolved against the applicant. In a case where a prisoner who is detained under a writ of extradition regular on its face demands his freedom on the ground that the complaint against him does not charge a crime under the statute of the demanding state, the burden is on him to maintain his position by producing the statute of the demanding state. Chandler v. Sipes, 103 Neb. 111, 170 N. W. 604. The applicant herein has failed to conform to this essential requirement.

Again, in a habeas corpus action to release a prisoner detained under warrant of extradition, the fact that a complaint was filed against him in the demanding state is prima facie evidence that he was there charged with a crime. Chandler v. Sipes, *supra*. There was no effort made in this case to overcome the prima facie presumption flowing from proof of the filing of the instant complaint in the State of Iowa.

As to the first ground the applicant gave evidence that he had not been in the State of Iowa within 30 days prior to April 26, 1946, whereas it is alleged that the crime was committed on April 23, 1946. This evidence is not contradicted. As to the second the evidence that applicant did not flee from the State of Iowa stands without contradiction. As to the third the evidence that applicant committed no overt act while in the State of Iowa resulting in the death of Marion Blythe likewise stands without contradiction. Because of all of these things applicant contends that he has not been a fugitive from justice from the State of Iowa and therefore may not be taken to that state under the extradition warrant issued for that purpose by the Governor of Nebraska.

This contention requires an examination of the provisions of the Constitution of the United States, the acts of the United States Congress, and the statutes of this state re-

lating to interstate extradition of persons charged with criminal offenses.

Interstate extradition is provided for by the following from section 2, article IV, of the United States Constitution:

"A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

This constitutional provision has been implemented by action of Congress so as to provide procedure to carry it into effect. It, however, does not become necessary to discuss this provided procedure since, on account of failure to present the requisition upon which the extradition warrant was based, no question of regularity of procedure under the Constitution and Acts of Congress is presented.

Aside from any question of procedure applicant contends that he cannot be taken to Iowa since he was not in that state when the alleged crime was committed, therefore he was not a fugitive from justice within the meaning of the Constitution.

There can be no doubt that interstate extradition under the extradition provisions of the Constitution is unavailable unless the person charged with the criminal offense was corporally present in the demanding state at the time the crime, or some overt act in its furtherance, was committed and that thereafter he departed from that state. The provision itself is clear in this respect and its meaning has not been extended by interpretation. Hyatt v. People, 188 U. S. 691, 47 L. Ed. 657, 23 S. Ct. 456; Strassheim v. Daily, 221 U. S. 280, 55 L. Ed. 735, 31 S. Ct. 558; Seely v. Beardsley, 194 Iowa 863, 190 N. W. 498; In re Roberson, 38 Nev. 326, 149 P. 182; Ex parte Montoya, 170 Or. 499, 135 P. 2d 281.

As has already been pointed out the undenied and undisputed evidence in this case is that the applicant herein was not in the State of Iowa when the alleged crime or

some overt act in its furtherance was committed. It follows then that his contention that he may not be returned to that state pursuant to the extradition provision of the United States Constitution and the implementing Acts of Congress must be sustained.

The respondents, however, assert that though this be true still applicant may be surrendered to the State of Iowa under due and legal process. They assert a right of surrender and extradition under section 29-706, R. S. 1943, as follows: "The Governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged on indictment found in such other state with committing an act in this state intentionally resulting in a crime in such other state; and the provisions of sections 29-701 to 29-728 not otherwise inconsistent shall apply to such case, notwithstanding that the accused was not in that state at the time of the commission of the crime and has not fled therefrom." The respondents substantially contend that in the State of Nebraska the applicant committed certain overt acts which contributed to the commission of the crime charged in the information which was filed in the State of Iowa. The bill of exceptions contains evidentiary support of the contention.

Although the applicant does not attack the constitutionality of section 29-706, R. S. 1943, and does not question the propriety of extradition under it, but only that it may not be made available under the circumstances of this case, it appears advisable to discuss the statutory provision and the act of which it is a part in their relation to interstate extradition.

In 1935, the Legislature adopted an act which is referred to as the Uniform Criminal Extradition Act. The act appears now as sections 29-701 to 29-728, inclusive, R. S. 1943. In part it is declaratory of the United States Constitution relating to interstate extradition, in part declaratory of procedure provided by congressional act, in part a declaration of procedural requirements not imposed by

congressional act, and in addition to these things it provides for a phase of interstate extradition not recognized by the United States Constitution, that is, as is pointed out in section 29-706, R. S. 1943, quoted above, it permits the extradition of a person charged with crime in another state but who is not a fugitive from justice therefrom within the meaning of the Constitution. It permits extradition of a person when it is charged in another state that such person while in this state committed an act in this state intentionally resulting in a crime in such other state.

The constitutionality and propriety of the right of a state by this statute to thus extend the right of interstate extradition beyond the right provided by the United States Constitution has been directly sustained in at least one jurisdiction. The State of Ohio has a like statute. In Culbertson v. Sweeney, 70 Ohio App. 344, 44 N. E. 2d 807, it was said: "There can be no contention that the federal constitutional provision and the supporting legislation preempted the field with regard to the circumstances under which one state may request the surrender of a person then in another state, for the purpose of putting such person on trial for a violation of the penal laws of the requesting state. Section 109-6, General Code, is within the powers reserved to the states and is therefore not in conflict with Section 2, Article IV of the federal Constitution and is a valid exercise of the police power of the state of Ohio." The principle announced in the decision of the Ohio court finds abundant support in other decisions and legal writings. See Ex parte Innes, 77 Tex. Cr. 351, 173 S. W. 291, L. R. A. 1916C 1251 affirmed in Innes v. Tobin, 240 U. S. 127, 60 L. Ed. 562, 36 S. Ct. 290; State v. Hall, 115 N. C. 811, 20 S. E. 729, 28 L. R. A. 289; In re Mohr, 73 Ala. 503, 49 Am. Rep. 63; 35 C. J. S., Extradition, § 3, p. 320.

The state procedural method to be employed to obtain extradition under section 29-706, R. S. 1943, is the same as that to be employed in extradition under federal constitu-

tional authority. It will be noted that section 29-706 contains the following: "* * * and the provisions of sections 29-701 to 29-728 not otherwise inconsistent shall apply to such case, * * *." The sections of the statute referred to contain the procedural requirements for extradition under the United States Constitution.

As we interpret, the applicant contends that the procedure employed failed to bring the attempted extradition within the provisions of section 29-706, R. S. 1943. Whether it did or not cannot be ascertained from the record. Nothing in that connection appears. It is true that a copy of the information and a copy of the formal appointment of an agent to return applicant to the State of Iowa are in the record but whether or not they were presented to the Governor of Nebraska with or as a part of the requisition nowhere authentically appears. However, it is fair to say that both the applicant and the respondents assume in their presentation that these were a part of the requisition. Again, as we interpret, the applicant seeks an inference at the hands of this court from these two instruments, the extradition warrant issued by the Governor of Nebraska, and the notice to applicant, that the requisition did not conform to the requirements of section 29-706, R. S. 1943, but conformed to the requirement for interstate extradition under the United States Constitution, the effect of which would be to deny the right of extradition of applicant to the State of Iowa under the evidence in this case.

This court is asked to draw this inference, as we interpret, from the fact that the applicant is described in the appointment of agent as "fugitive from justice"; that he is likewise described in the extradition warrant and the notice; and that the information charges that applicant committed the crime of second degree murder in the State of Iowa without characterizing his commission or participation in the commission of the alleged crime. In respect to the last specification it is the substantial contention that since the

information failed to contain a statement of overt act committed in Nebraska this court is bound to an interpretation and inference that the requisition was not based on a request for extradition on account of an act or acts committed in this state intentionally resulting in a crime in the State of Iowa.

From the first three instruments we think we may draw no inferences whatever bearing on the subject being considered. The most that could be said is that they contain inexactions as to executive description of the status of applicant in a situation wherein exaction is not required.

We think no such inference as is requested with regard to the information is justifiable. Section 688.1, Iowa Code, 1946, is the following:

"The distinction between an accessory before the fact and a principal is abrogated, and all persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense, or aid and abet its commission, though not present, must hereafter be indicted, tried, and punished as principals."

An examination of the information discloses that the applicant herein was charged as a principal and properly so under the Iowa Code, notwithstanding his participation may have been that of an aider and abettor and notwithstanding he may have been absent, even from the State of Iowa. In terms this provision of the Iowa Code is mandatory. We fail to see therefore how, from the information, any inference at all could be drawn as to the locus of the applicant at the time the alleged crime was committed.

No legitimate inference in favor of the applicant in the respect contended for being possible, it must be said in this connection as it was said earlier in the opinion with regard to the requisition and on the same authority that in the absence of proof to the contrary, it will be presumed that the Governor acted in conformity with law in the issuance of his warrant of extradition.

It therefore follows that the district court did not err in rendering its judgment denying the applicant a writ of habeas corpus.

The judgment of the district court is affirmed.

AFFIRMED.