GEORGE McLARNAN, appellant, v. LESLIE C. HASSON et al., appellees.

No. 47891.

(Reported in 49 N.W.2d 887)

NOVEMBER 13, 1951.

REHEARING DENIED FEBRUARY 7, 1952.

Theodore F. Mantz and Edmund Scarpino, both of Des Moines, for appellant.

Robert L. Larson, Attorney General, Glenn L. Gray, Assistant Attorney General, and Clyde L. Herring, County Attorney, for appellees.

HAYS, J.—This appeal involves chapter 759, Code of 1950, cited as the "Uniform Criminal Extradition Act", and, more specifically, section 759.6 thereof. Plaintiff, being held under a fugitive warrant, issued by the Governor of this State, petitioned for a writ of habeas corpus which was, after a hearing, denied and he appeals.

Appellant, while residing in Lancaster County, Nebraska, was divorced by his wife and ordered to pay to her the sum of

$100 per month for support of their minor children. In October 1950 a complaint was filed in Lancaster County, Nebraska, charging him with the crime of failing to pay alimony for the support of minor children and a warrant was issued for his arrest. Appellant was at that time residing in Polk County, Iowa. While the requisition from the Governor of Nebraska is not before us, the · Nebraska warrant and an affidavit made before a magistrate in that state are part of the record, as is also the fugitive warrant under which appellant is being held. Both the warrant and affidavit from Nebraska allege that appellant while in Iowa refused to make alimony payments, as ordered by the divorce decree, for the support of his children; *that he thereby committed an act in Iowa intentionally, resulting in the commission of the crime, as alleged, contrary to Nebraska statutes.* The fugitive warrant also contains a similar statement.

I.    Appellant's chief complaint is that it appears conclusively that if any crime was committed it was committed in the state of Iowa; that he, not being a fugitive from justice, is not subject to extradition, citing section 2 of Article IV, Constitution of the United States, and sections 759.2 and 759.3, Code of 1950; also Jones v. Leonard, 50 Iowa 106, 32 Am. Rep. 116, and Seely v. Beardsley, 194 Iowa 863, 190 N.W. 498.

Section 2 of Article IV, Constitution of the United States, provides in part: "A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime." Prior to the enactment of chapter 759, Code of 1950 (being chapter 244, Acts of the Fifty-third General Assembly), the statutes of this state dealing with extradition conformed with and were limited to the provisions of the constitutional provision above-quoted. The rule that one charged with a crime in another state to be subject to extradition to that state must be shown to have been physically present in that state at the time of the commission of the crime prevailed. Jones v. Leonard, 50 Iowa 106, 32 Am. Rep. 116; Seely v. Beardsley, 194 Iowa 863, 190 N.W. 498. Under this rule the judgment appealed from would clearly be erroneous.

■ Appellant, in his reply brief and argument, states: "When the U. S. Constitution was adopted the states surrendered certain of the rights of the states to the U. S. Government and this right of extradition was not reserved by the states but given to the U. S. Government." While no instance has been called to our attention where this court has spoken upon this question, it has been generally held where the question has arisen that section 2, Article IV, U. S. Constitution, is exclusive, not inclusive, of the right of a state to enact laws under which extradition may be granted upon the request of a sister state, so long as they do not abridge said section. Innes v. Tobin, 240 U. S. 127, 36 S. Ct. 290, 60 L. Ed. 562; Culbertson v. Sweeney, 140 Ohio St. 426, 45 N.E. 2d 118; Ex parte Campbell, 147 Neb. 820, 25 N.W.2d 419; 35 C. J. S., Extradition, section 3; annotations, 135 A. L. R. 973 and 151 A. L. R. 239.

Section 759.2 is in substance a statement of the provisions of section 2, Article IV, supra, and deals with cases where the party is charged with fleeing from the state where the crime was committed. Section 759.3 sets forth the documentary proof to be made by the requesting state in order to authorize the issuance of a fugitive warrant by the Governor of this State and is applicable in all cases where extradition is allowed.

Section 759.6 provides: "The governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in section 759.3 with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, and the provisions of this chapter not otherwise inconsistent, shall apply to such cases, even though the accused was not in that state at the time of the commission of the crime, and has not fled therefrom."

■ While it conclusively appears that the fugitive warrant was issued under the provisions of section 759.6, appellant raises no question as to its constitutionality and in fact seems to ignore the same by presenting as his chief objection his absence from the state where the crime is charged. Authorities relied upon by appellant are not in point. The record shows a substantial com-

pliance with the provisions of section 759.3 and we find no merit in this assignment of error.

II. Appellant further asserts error due to the failure of the trial court to file findings of fact and conclusions of law as contemplated in rule 179, R. C. P. While no such finding was made, neither did appellant make request for the same as is allowed by paragraph (b) of said rule. Under this situation no reversible error may be predicated thereon. In re Estate of Coleman, 238 Iowa 768, 28 N.W.2d 500; Korsrud v. Korsrud, 242 Iowa 178, 45 N.W.2d 848.

Finding no error the judgment of the trial court should be and is affirmed.—Affirmed.

OLIVER, C. J., and BLISS, GARFIELD, WENNERSTRUM, MULRONEY, SMITH, and THOMPSON, JJ., concur.

MANTZ, J., takes no part.