Quinto SQUADRONI, Appellant,

v.

Albert B. SMITH, Appellee.

Court of Appeals of Kentucky.

April 28, 1961.

As Modified on Denial of Rehearing
Sept. 29, 1961.

Marvin C. Prince, Benton, Patrick Brennan, South Bend, Ind., for appellant.

H. H. Lovett, Jr., Benton, for appellee.

BIRD, Chief Justice.

Under the authority of the Uniform Criminal Extradition Act, KRS 440.150 to KRS 440.420, the Governor of Kentucky caused a warrant to be issued for the arrest of Albert B. Smith. The request for extradition came from the Governor of Indiana. Smith was charged in that state with a felony commonly known in this

state as child desertion. Upon his arrest he filed with the circuit court a petition for writ of habeas corpus. The writ issued, a hearing was had and it was ordered that Smith be released from custody.

The custodian named in the writ has appealed.

Briefly the facts are these. Smith, in a divorce and maintenance action in Indiana, was directed to pay a stipulated amount each month for the support of his children. This decree was entered in 1954. The record discloses that he obeyed the order until about February 1960. It appears that he was never in the State of Indiana after the maintenance decree was entered and he was definitely not in the State of Indiana at the time he is alleged to have defaulted in his payments.

The trial court held that Smith was not in the demanding state at the time of the alleged crime as required in KRS 440.180. For this reason he directed the release of Smith.

The appellant contends however that the court erred inasmuch that KRS 440.210 excepted this type of offense from the physical presence requirement of KRS 440.180.

KRS 440.210 reads as follows:

"The Governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in KRS 440.180 with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, and the provisions of KRS 440.150 to 440.420 not otherwise inconsistent, shall apply to such cases, even though the accused was not in that state at the time of the commission of the crime, and has not fled therefrom."

■ It is common knowledge that persons do not have to be in the same state as their children to abandon them. The children become deserted and abandoned wherever they may be when the support ceases. The whereabouts of the parent when he ceases his support is not material.

■ It is the Court's opinion that this is a type of offense contemplated by KRS 440.210 and that Smith's physical presence in Indiana at the time of the offense was not required.

Smith maintains that he properly was released from custody because the warrant of the Governor of Kentucky was defective in that its statement of the crime with which appellee was charged did not set forth all of the essential elements of the offense, and it did not identify the person or persons by whom the charge was made.

■ As concerns the form of the charge, KRS 440.180 states that the indictment, information or affidavit a copy of which is to accompany the demand for extradition must "substantially charge" the person demanded with having committed a crime under the law of the demanding state. KRS 440.220 requires that the warrant of arrest issued by the Governor of this state "substantially recite the facts necessary to the validity of its issuance." As we construe these statutes, the indictment, information or affidavit sent to the Governor of this state by the demanding state must substantially charge the crime in question, but the warrant of arrest issued by the Governor of this state need only state the fact that such an indictment, information or affidavit has been received and describe in general terms of identification the offense charged. It is not necessary that the warrant of arrest state all of the elements of the offense with the particularity required of an indictment; it is sufficient if it gives reasonable notice of the nature of the crime charged. Here the warrant stated that the crime charged by affidavit and warrant re-

ceived from the demanding state was "Failure to provide for children" and we think this was adequate without the further statements that the children were minors and were left in destitute circumstances, which are technical elements of the offense.

 Smith's contention that he was entitled to know who his accusers were is based on the provisions of Section 11 of the Kentucky Constitution that "in all criminal prosecutions" the accused has the right to demand the nature and the cause of the accusation against him and to meet the witnesses face to face. The simple answer to this contention is that the right claimed by the appellee does not exist at the *arrest* stage, which is all this proceeding is concerned with. When appellee is returned to Indiana to stand trial he then will be entitled to face his accusers.

Because of the error of the circuit court in holding that Smith must have been present in the demanding state at the time the charged crime was committed, the judgment is reversed.