GAYLAN GEORGE CLAYTON, appellant, v. ROY O. WICHAEL, sheriff of Pottawattamie County, appellee.

No. 51978.

(Reported in 141 N.W.2d 538)

APRIL 5, 1966.

Hess, Peters & Sulhoff, of Council Bluffs, for appellant.

F. J. Kraschel, County Attorney, and David F. McCann, Assistant County Attorney, for appellee.

MOORE, J.—Plaintiff-appellant, Gaylan George Clayton, was arrested by defendant-appellee, sheriff of Pottawattamie County, under an extradition warrant issued by the Governor of Iowa at the request of the Governor of Oregon. He was charged in that state with the crime of nonsupport under section 167.605 of the Oregon statutes. Upon his arrest Clayton filed a petition for a writ of habeas corpus which after hearing was denied. He has appealed and will be referred to as plaintiff. The sheriff will be referred to as defendant.

Plaintiff contends his restraint is illegal for lack of compliance with the jurisdictional prerequisites of chapter 759, Code

of Iowa, 1962; section 759.6 is unconstitutional; the requisition and supporting documents from Oregon to the Iowa Governor are fatally defective and that plaintiff was not a fugitive from justice within the provisions of United States Constitution, Article IV, section 2.

No real factual dispute exists in this case. By stipulation all instruments and documents received or issued by the Governor of Iowa as incident to this matter and the issuance of the warrant resulting in plaintiff's arrest were taken as evidence without objections. On October 27, 1964, an information was filed against plaintiff in the district court of Clackamas County, Oregon, charging him with the crime of nonsupport committed on or about October 26, 1964, in said jurisdiction in violation of section 167.605 of Oregon Revised Statutes. A warrant of arrest was issued pursuant to that information and subsequently the Clackamas County district attorney made an application for requisition to the Governor of Oregon. In accordance therewith the Oregon Governor directed a requisition to the Governor of Iowa for delivery of plaintiff to the designated Oregon agent.

On February 26, 1965, the Governor of this state issued an extradition warrant and plaintiff was taken into custody for delivery to the named Oregon agent. This action was then brought.

Plaintiff testified he last resided in Oregon in May 1962, he had not been in Oregon since May or June 1964 and at that time he became a resident of Council Bluffs, Iowa. The testimony of plaintiff, his mother and present wife is undenied he was not in the state of Oregon on October 26, 1964.

I. Section 2, Article IV, of the United States Constitution states in part: "A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

To constitute a fugitive from justice under this constitutional provision these two essentials are required: (1) The accused having been in the demanding state at the time charged has left it and is within the jurisdiction of another and declines to return voluntarily and (2) He incurred guilt before he left

the former state, and while he was bodily present in that state. Seely v. Beardsley, 194 Iowa 863, 190 N.W. 498, and citations; Drumm v. Pederson, 219 Iowa 642, 259 N.W. 208, and citations.

Defendant virtually concedes under the undisputed evidence plaintiff would be entitled to release if extradition were asked under the federal law but points out extradition is requested under the Uniform Criminal Extradition Act which Iowa adopted in 1949 and is now contained in chapter 759, Code, 1962.

II. Section 759.3 provides no demand for extradition of a person charged with crime in another state shall be recognized by the governor unless it is alleged in writing the accused was present in the demanding state at the time of the alleged offense and that he thereafter fled from the state but expressly excepts cases arising under section 759.6. Section 759.3 also sets out the documents which must accompany a demand for extradition. A careful study of the documents which accompanied the Oregon Governor's demand convinces us the requirements of section 759.3 were met.

Section 759.6 provides: "Criminal acts committed in third state. The governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in sec- tion 759.3 with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose exec- utive authority is making the demand, and the provisions of this chapter not otherwise inconsistent, shall apply to such cases, even though the accused was not in that state at the time of the commission of the crime, and has not fled therefrom."

Plaintiff contends section 759.6 means the information or indictment filed in the demanding state must contain specific allegations the act was committed in some other state and inten- tionally resulted in the crime charged. He also argues a gov- ernor's extradition warrant under section 759.6 is fatally defec- tive unless it contains such findings. We do not agree.

The Oregon information sworn to by plaintiff's former wife states: "Be It Remembered, that on this day there personally appeared before me, Judge of the District Court for Clackamas County, Oregon, and a Committing Magistrate, Pollyanna B.

Clayton Morse who being first duly sworn as a witness concerning the fact, upon his oath deposed and said that the crime of Non-Support has been committed by Gaylan George Clayton as follows, to wit:

"The said Gaylan George Clayton on or about the 26th day of October, A. D. 1964, in the County of Clackamas, State of Oregon, then and there being, and then and there being the father of the following minor child, to wit: Colleen Clida Clayton, of the age of three years, did then and there wilfully, unlawfully and feloniously, without just or sufficient cause, fail and neglect to support his said minor child, said minor child having been an actual resident of said county and state for more than 60 days, while such failure and neglect to support has continued, said act of defendant being contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

"Dated this 26th day of October, A. D. 1964."

The Oregon statute on which this charge was filed provides: "167.605 Failure to provide for wife or child. Any person who, without just or sufficient cause, deserts or abandons his wife, or who deserts or abandons any of his or her minor children, born in or out of wedlock, under the age of 18 years, without providing necessary and proper shelter, food, care or clothing for any of them, or who, without just or sufficient cause, fails or neglects to support his wife, or any such minor children, shall be punished upon conviction by confinement in the penitentiary for not more than five years or by imprisonment in the county jail for not more than one year. If any person leaves the state and fails, for the period of 60 days, to provide necessary and proper shelter, food, care or clothing for his wife or children, who come within this section, it is prima facie evidence that such person deserted or abandoned his wife, children, or both."

The Oregon district attorney's application for requisition states plaintiff on or about October 26, 1964, committed an act resulting in the charged crime in Clackamas County.

The Oregon Governor's requisition to the Governor of this state certifies plaintiff committed an act intentionally resulting in the crime of nonsupport in Clackamas County, Oregon.

■ Substantial compliance with the provisions of section 759.6 is sufficient. McLarnan v. Hasson, 243 Iowa 379, 49 N.W. 2d 887; Ex parte Campbell, 147 Neb. 820, 25 N.W.2d 419; Squadroni v. Smith, Ky., 349 S.W.2d 700; People ex rel. Brenner v. Sain, 29 Ill.2d 239, 193 N.E.2d 767; Harrison v. State, 38 Ala. App. 60, 77 So.2d 384; People ex rel. Swanson v. Peck, 205 Misc. 326, 127 N. Y. S.2d 751; People ex rel. Robert v. Warden of N. Y. City Prison, 114 N. Y. S.2d 13.

In re Cooper, 53 Cal.2d 772, 779, 3 Cal. Rptr. 140, 143, 349 P.2d 956, 959, 960, states: "Protection from unjustified extradition does not lie in reading into the extradition laws purely technical requirements that a forewarned prosecutor could easily meet, but in the sound judgment of the respective Governors charged with the administration of those laws. Their judgment is entitled to great weight. As the United States Supreme Court stated, in reviewing the sufficiency of an affidavit to support extradition pursuant to federal law, 'When it appears, as it does here, that the affidavit in question was regarded by the executive authority of the respective States concerned as a sufficient basis, in law, for their acting—the one in making a requisition, the other in issuing a warrant for the arrest of the alleged fugitive —the judiciary should not interfere, on habeas corpus, and discharge the accused, upon technical grounds, and unless it be clear that what was done was in plain contravention of law.' [Citations]."

III. The statement in the Governor's warrant that plaintiff is a fugitive from justice from Oregon and has taken refuge in Iowa in view of the record before us must be disregarded as surplusage. People ex rel. Brenner v. Sain, 29 Ill.2d 239, 193 N.E. 2d 767. Such recitals in the form used are unnecessary when extradition is granted under chapter 759 but their inclusion results in no prejudice to plaintiff. Harrison v. State, 38 Ala. App. 60, 77 So.2d 384.

■ ■ IV. Plaintiff asserts since such extradition as involved here is not authorized by the United States Constitution or by federal statute (18 U. S. C. A., section 3182), section 759.6 is invalid. His contention is without merit. The Uniform Criminal Extradition Act has been adopted in almost every state.

Validity of section 6 has been attacked in many jurisdictions and uniformly upheld. It is well settled the federal constitutional and statutory provisions are not exclusive and the states are free to cooperate with one another by extending interstate rendition beyond that required by federal law. Culbertson v. Sweeney, 70 Ohio App. 344, 44 N.E.2d 807; Cassis v. Fair, 126 W. Va. 557, 29 S.E.2d 245, 151 A. L. R. 233; Ex parte Campbell, 147 Neb. 820, 25 N.W.2d 419; Ennist v. Baden, 158 Fla. 141, 28 So.2d 160; Harrison v. State, 38 Ala. App. 60, 77 So.2d 384; People ex rel. Brenner v. Sain, 29 Ill.2d 239, 193 N.E.2d 767; In re Cooper, 53 Cal.2d 772, 3 Cal. Rptr. 140, 349 P.2d 956; Cooper v. Pitchess, 364 U. S. 294, 81 S. Ct. 104, 5 L. Ed.2d 83. See also 9 Uniform Laws Annotated 299; 22 Am. Jur., Extradition, section 9; 35 C. J. S., Extradition, section 3.

We find no error in the denial of the writ of habeas corpus by the district court.—Affirmed.

All Justices concur.