GEORGE WAYNE SMITH, appellant, v. SHERIFF OF WOODBURY
COUNTY, appellee.

No. 51898.

(Reported in 141 N.W.2d 529)

APRIL 5, 1966.

Kindig, Beebe, McCluhan & Rawlings, of Sioux City, for
appellant.

Alvin Hayes, Jr., Assistant County Attorney, of Sioux City, for appellee.

MOORE, J.—Plaintiff's petition for writ of habeas corpus, filed March 9, 1965, alleges he had been arrested by defendant-sheriff under an extradition warrant issued by the Governor of Iowa apparently upon requisition of the Governor of California under a felony charge of failing to support his minor child in Sonoma County, California. Following trial the court filed findings of fact, conclusions of law, denied the writ and entered judgment against plaintiff for costs. Plaintiff has appealed. For clarity plaintiff-appellant will be referred to as plaintiff and defendant-appellee as defendant.

Plaintiff contends the trial court erred as a matter of law in denying the writ in light of the finding he had never been in California, in failing to find the Governor's warrant defective, and failing to hold section 759.6, Code of Iowa, 1962, unconstitutional.

The record submitted to us is very scant. Plaintiff testified he had never been in California, he had a child by a prior marriage living in California for which he had been ordered to pay support and the last he had paid was in 1964.

Defendant's only witness, the chief deputy sheriff of Woodbury County, identified the Governor's warrant and testified plaintiff was arrested thereunder. The record states he was asked several questions concerning exhibit A but because the exhibit was not offered his evidence is not included. Apparently the trial court heard and considered evidence concerning the extradition proceeding which is not made available to us. By stipulation a copy of the complaint and warrant filed and issued in California and the appointment of the California agent to return plaintiff to answer the charge were taken in evidence without objection. This is the extent of the record submitted to us.

I. Plaintiff relies heavily upon the undisputed fact he has never been in the state of California. This contention would have merit and would require his release if extradition were

being sought under section 2, Article IV, of the United States Constitution. This fact, however, is of no value to plaintiff as this extradition is brought under the Uniform Criminal Extradition Act which Iowa adopted in 1949 and is now chapter 759, Code of Iowa, 1962. The legal propositions involved on this same issue are considered at length in Clayton v. Wichael, 258 Iowa 1037, 141 N.W.2d 538, filed simultaneously with this opinion and for brevity are not repeated.

■ II. Plaintiff next argues the Governor's warrant is fatally defective because it does not sufficiently advise him of the charge. Both the California information and warrant as well as the Iowa Governor's warrant state he is charged with violation of section 270 of the Penal Code of California and charge Smith with omitting to furnish support for his minor child. The Governor's warrant also states the criminal charge is supported by affidavit and authentication by the Governor of California.

Section 270, the California statute under which plaintiff is charged, provides that a father who wilfully omits furnishing necessary clothing, food, shelter or medical attention for his child and during such violation remains out of the state for 30 days, or fails or refuses to comply with the order of a court requiring him to furnish support for his minor child and remains out of the state 10 days without doing so, is guilty of a felony.

■ We believe plaintiff was sufficiently advised of the charge against him. If any jurisdictional question exists the burden of proof is on plaintiff.

In the absence of proof to the contrary, it will be presumed the Governor acted in conformity with the law in the issuance of his warrant. Ex parte Campbell, 147 Neb. 820, 25 N.W.2d 419; 35 C. J. S., Extradition, section 16(d); 22 Am. Jur., Extradition, section 52. We have no such proof here.

■ III. Plaintiff's attack on the constitutionality of section 759.6, Code of Iowa, 1962, is the same as that made in Clayton v. Wichael, supra, where we discuss at length the propositions involved and hold it does not violate the federal law. For brevity we omit repeating what we there say. Plaintiff's third assigned error is without merit.

We find no error in the trial court's denial of the writ of habeas corpus.—**Affirmed.**

All JUSTICES concur except JUSTICE RAWLINGS who takes no part.