**Monroe Harold EVANS, Appellant,**

**v.**

**F. O. "Whitey" ROSENBERGER, Sheriff of Woodbury County, Iowa, Appellee.**

**No. 54139.**

Supreme Court of Iowa.

Nov. 10, 1970.

O'Brien, Galvin & O'Brien, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., and G. Douglas Essy, Asst. Atty. Gen., and Edward F. Samore, Woodbury County Atty., for appellee.

LeGRAND, Justice.

On July 23, 1969, the governor of Iowa issued an extradition warrant for the arrest of Monroe Harold Evans to answer a charge of armed robbery brought against him in the state of Mississippi. Plaintiff challenges the validity of this warrant and of the extradition papers upon which it was based. He brought this action in habeas corpus seeking his release from custody.

A brief statement of background facts may be helpful. Plaintiff had been convicted of a 1967 armed robbery in Iowa and sentenced to a term of 25 years in the penitentiary at Fort Madison. Subsequently we reversed his conviction and granted him a new trial. See State v. Evans (Iowa), 169 N.W.2d 200. While he was incarcerated awaiting disposition of his appeal, the state of Mississippi filed a detainer against him. Upon his return to Woodbury County to await re-trial following the reversal of his Iowa conviction, Mississippi started these extradition proceedings. About the same time the Woodbury county attorney dismissed the armed robbery charge upon which we had granted plaintiff a new trial.

Upon dismissal of the Woodbury County charge, the only ground for holding plaintiff was the request from Mississippi. If the extradition proceedings are fatally defective, then he was illegally held and his writ should have been sustained. The trial court found to the contrary and annulled the writ. We affirm.

I. Appeal in habeas corpus cases (except when custody of children is involved) is not de novo. Cummings v. Lainson, 239 Iowa 1193, 1196, 33 N.W.2d

395, 397, cert. den., 336 U.S. 944, 69 S.Ct. 811, 93 L.Ed. 1101; Hawkins v. Bennett (Iowa), 160 N.W.2d 487, 489 and citations.

We consider only assigned errors and review only those matters which were properly raised and preserved below. 39 C.J.S. Habeas Corpus § 113, page 715; McLarnan v. Hasson, 243 Iowa 379, 383, 49 N.W.2d 887, 888; Ross v. Alber, 227 Iowa 408, 410, 288 N.W. 406; People ex rel. Ritholz v. Sain, 24 Ill.2d 168, 180 N.E. 2d 464, 466. We are bound by the findings of the trial court for which there is substantial evidentiary support. Rule 344(f), 1, Rules of Civil Procedure; Morrison v. Dwyer, 143 Iowa 502, 505, 121 N.W. 1064, 1065; Janvrin v. Haugh (Iowa), 171 N.W. 2d 275, 276; Ely v. Haugh (Iowa), 172 N.W.2d 144, 147 and citations.

■ Interstate extradition is governed by Article IV, section 2, United States Constitution as implemented by 18 U.S. C.A., section 3182. The individual states are not excluded from legislating the conditions under which extradition will be granted. Such statutory enactment, however, must meet the requirements of the federal law. 31 Am.Jur.2d, Extradition, section 5, page 927, and section 6, page 928; Smith v. Idaho, 9 Cir., 373 F.2d 149, 157; Clayton v. Wichael, 258 Iowa 1037, 1043, 141 N.W.2d 538, 541.

II. The two principal matters to be determined in any extradition proceeding involve (1) the presence of the alleged fugitive in the demanding state at the time the offense was committed and his refusal to return there voluntarily, and (2) a showing that the fugitive is substantially charged with an extraditable offense in violation of the laws of the demanding state. We find no merit in plaintiff's claim neither of these requirements was established.

■ III. Plaintiff states he cannot be considered a fugitive in Iowa because his presence here was involuntary. He argues he is therefore not subject to extradition.

Whether here voluntarily or otherwise, plaintiff is a fugitive for extradition purposes. It need only be shown that plaintiff is out of the state which charges him with an offense covered by extradition statutes and that he refuses to return there to face the charges against him. 31 Am. Jur.2d, Extradition, section 15, page 932; Seely v. Beardsley, 194 Iowa 863, 866, 190 N.W. 498, 500; Clayton v. Wichael, supra, 258 Iowa at page 1039, 141 N.W.2d at page 539.

■ IV. Plaintiff next protests that he was not properly charged with the commission of a crime under Mississippi law. An indictment was returned by the grand jury of Harrison County, Mississippi, reciting plaintiff "committed an assault and battery upon the person of one Ermon Bond with a certain deadly weapon, to wit, a pistol, and [he] did then and there wilfully, unlawfully, feloniously, violently, and forcibly place [Ermon Bond] in fear of great bodily harm and by the exhibition of the said deadly weapon as aforesaid did then and there wilfully, unlawfully and feloniously take, steal and carry away from the person and in the presence of the said Ermon Bond certain personal property, to wit, $1.00 worth of gas and $140.00 in good and lawful money of the United States of America."

This language follows closely the provisions of section 2367, Mississippi Code Annotated, which defines robbery with firearms. Plaintiff attacks this indictment on two grounds. First, he insists it charges him with an assault and battery, not armed robbery; second, he argues the omission of the Code section under which he is accused is fatal. We disagree on both counts.

The indictment clearly accuses plaintiff of having committed an armed robbery on Ermon Bond. The recitation of the means by which it was accomplished does not alter the nature of the crime charged. It is quite true the indictment alleges plaintiff committed an assault and bat-

tery; but it does not hold him for prosecution on that charge. It simply describes how plaintiff is said to have committed armed robbery.

Plaintiff's second objection to the indictment is likewise groundless. He says the failure to designate the offense as being in violation of the appropriate section of the Mississippi Code is fatal. He cites no applicable authority.

There is a quick answer to this. Mississippi law (section 2561, Mississippi Code Annotated) permits indictments to be returned under the language of the statute or according to the common law definition of the crime charged.

We consider it unnecessary to discuss our conclusion that the indictment in question is easily sufficient to allege the common law crime of robbery. See 46 Am.Jur., Robbery, section 2, page 139.

■ V. Plaintiff next contends the extradition proceedings are invalid because the state of Mississippi failed to set a bond for his release when filing the request for extradition. On this appeal he seeks for the first time to expand this assignment to include the claim he was entitled to bond under Iowa law while awaiting hearing on his habeas corpus petition. He is not entitled to rely on that alleged error since it was not raised in the trial court. But in any event plaintiff was not entitled to bond, either in Mississippi or Iowa.

Armed robbery is a capital offense in Mississippi. The punishment or conviction "may be death if the penalty is so fixed by the jury." Section 2367, Mississippi Code Annotated. Mississippi does not allow bond as a matter of right when one is charged with a capital offense. See Wooton v. Bethea, Miss., 47 So.2d 158, 160, and citations.

Our own section 759.16, The Code, 1966, specifically provides bail is not allowable in extradition cases when the "prisoner is charged [with an offense] punishable by death or life imprisonment under the laws of the state in which it was committed."

There is no merit to this claim.

VI. Plaintiff also questions his identification as the person who committed the alleged crime. This assignment is two-pronged. First, plaintiff argues the State failed to show he is the person who is named in the indictment; and second, he says there is a failure to show he was present in Mississippi when the offense was committed.

■ The first point is unworthy of serious consideration. During the habeas corpus hearing, plaintiff testified on three different occasions. His testimony conceded he was the person named in the indictment and attempted to show only that he could not have committed the crime because he was not there at the time. When the person charged with a crime bears the same name as the man in custody, it is presumed he is the same person unless he proves otherwise. The burden then is his, not the State's. 31 Am.Jur.2d, Extradition, section 67, page 974; 39 C.J.S. Habeas Corpus § 39(a), page 551; Annotation, 93 A.L.R.2d 912, 930; Notter v. Beasley, 240 Ind. 631, 166 N.E.2d 643, 648, 93 A.L.R.2d 905, 910; Self v. People, 133 Colo. 524, 297 P.2d 887, 890.

Not only is there a total failure to bear this burden, but a fair reading of the record compels the conclusion that plaintiff did not then claim what he now seeks to rely on.

As to the second argument—that the evidence shows he was not present in the state of Mississippi when the crime was committed—again we must disagree with plaintiff. Extradition proceedings are not designed to determine guilt or innocence but merely to ascertain if there is evidence sufficient to detain the fugitive and deliver him for trial in another state. Section 759.20, The Code, 1966; Seely v. Beardsley, supra, 194 Iowa at page 867, 190 N.W. at page 500; Smith v. Idaho, 9 Cir., 373 F.2d 149, 155.

■ There was conflicting evidence before the trial court concerning plaintiff's whereabouts on the day the crime was committed. A number of witnesses testified they saw him in Iowa on or about that day. However, the victim of the crime, Ermon Bond, testified unequivocally that plaintiff was the man who robbed him in the state of Mississippi on the date alleged in the indictment. The best plaintiff can claim for this testimony is that it raises a disputed question of fact, the determination of which is not proper here. Positive eye-witness identification is clearly sufficient to permit surrender of plaintiff for trial in Mississippi.

■ We should mention here plaintiff charges the identification made by Mr. Bond was fatally bad because it was made in the courtroom under conditions so suggestive that the testimony was without probative value and was so prejudicial that the writ must be sustained.

The only support cited for this view is a statement in People v. London, Cal.App., 78 Cal.Rptr. 848, 849, where the court said such identification is "inherently suggestive." However, even there, that court did not disallow the evidence. In the present case the witness had an independent basis for his identification. He had observed plaintiff for more than half an hour before and during the robbery. His testimony plainly shows his identification was based on his observation of plaintiff at the scene of the crime. The identification made by Mr. Bond was within our recent pronouncements in State v. Wisniewski (Iowa), 171 N.W.2d 882, 884, and State v. Essary (Iowa), of 176 N.W.2d 854, 855–857. It was properly admitted.

■ VII. Plaintiff claims prejudice resulted when the trial court granted the State a continuance from August 26, 1969, to September 10, 1969, because a severe hurricane in Gulfport, Mississippi, prevented authorities and witnesses from that state to be present on the original date.

The matter of granting a continuance is largely within the trial court's discretion. We find no abuse of that discretion here. Bicknell v. Farley, 232 Iowa 464, 467, 5 N.W.2d 831, 832; State v. McNeal, 261 Iowa 1387, 1392, 158 N.W.2d 129, 133, and citations.

■ VIII. The remaining matters raised by plaintiff deal with alleged defects in the extradition papers. For instance, it is argued the extradition warrant issued by the governor of Iowa is void because it recites it was based on a criminal complaint supported by affidavit. Actually it should have stated it was based on an indictment.

It is almost universally held that the requisition papers from the *demanding* state are the vital instruments in determining the validity of extradition proceedings. Variances in the warrant of the *asylum* state are not material. 35 C.J.S. Extradition § 16 a, page 436; 22 Am.Jur.2d, section 61, page 966; Self v. People, 133 Colo. 524, 297 P.2d 887, 890; Johnson v. State, 45 Ala.App. 40, 222 So.2d 370, 373; People ex rel. Brenner v. Sain, 29 Ill.2d 239, 193 N.E.2d 767, 768.

The request for extradition and supporting papers from the state of Mississippi all refer to the indictment returned against the plaintiff. As shown by the above authorities, the erroneous reference in the Iowa warrant to a "complaint supported by affidavit" does not invalidate the proceedings.

■ Plaintiff has subjected the extradition proceedings to a most exacting scrutiny and has come up with several inconsequential "errors" which do not deserve separate treatment. Some were not raised in the trial court; most deal with the procedure to be followed when the accusation is *not* by way of indictment; and none justifies the result plaintiff wants. The general rule is that mere technical defects or omissions should not defeat extradition. 35 C.J.S. Extradition § 16 b, (1), page 436; 31 Am.Jur.2d, Ex-

tradition, section 30, page 945, section 35, page 948; Clayton v. Wichael, supra, 258 Iowa at page 1042, 141 N.W.2d 538.

IX. We have considered all assignments of error properly before us for review and conclude the proceedings here fully meet the requirements of Article IV, section 2, U. S. Constitution as implemented by section 3182, 18 U.S.C.A., and also comply with our own extradition procedure set out in chapter 759, The Code, 1966.

We therefore hold the trial court was correct in annulling the writ of habeas corpus.

Affirmed.

All Justices concur.