Larry M. HUGHES, Appellant,

v.

Russell E. WATERS, Appellee.

No. 55563.

Supreme Court of Iowa.

Feb. 21, 1973.

Gene W. Glenn, Ottumwa, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and Samuel O. Erhardt, County Atty., for appellee.

Heard before MOORE, C. J., and LeGRAND, REES, UHLENHOPP and HARRIS, JJ.

LeGRAND, Justice.

This appeal seeks to reverse the trial court's order annulling a writ of habeas corpus by which plaintiff hopes to defeat the state of California's efforts to extradite him to face pending criminal charges there. The defendant is the sheriff of Wapello County, who took plaintiff into custody on a governor's warrant of arrest. On the scant record before us, we must reverse and order plaintiff discharged from custody.

The case was submitted on the pleadings and four written exhibits. No other evidence was produced by either party. The exhibits were: (1) the governor's warrant of arrest; (2) an instrument designated "Felony Warrant of Arrest" issued out of the Municipal Court of San Diego, California; (3) copy of a Criminal Complaint from the same court; and (4) certificate of the Governor of California appointing an agent to take plaintiff into custody and return him to the state of California. Plaintiff says these were the instruments upon which the governor's warrant was issued. There is nothing in the record to suggest otherwise.

■ Before discussing the merits, we reiterate some of the general principles governing consideration of extradition cases as announced in Evans v. Rosenberger, 181 N.W.2d 152 (Iowa 1970), and Hill v. Houck, 195 N.W.2d 692 (Iowa 1972). Our review is not de novo and we are bound by the trial court's findings for which there is substantial evidentiary support; we consider only assigned errors and review only those matters properly raised and preserved below; there are only two questions to be decided—(1) has the accused been substantially charged with a crime under the laws of the demanding state and (2) is he a fugitive from that state; the governor's warrant is prima facie evidence the accused is subject to extradition; and plaintiff has the burden of overcoming the presumption raised by the governor's warrant by clear and satisfactory evidence.

■ Extradition proceedings are regulated under chapter 759, The Code, 1971. Only by compliance with its terms may one charged with a crime be involuntarily returned to the demanding state by the state where he has taken up asylum. We have liberally interpreted the statute and have held it should not be defeated by technical defects or omissions. We have also held the vital papers are those from the demanding state. Evans v. Rosenberger, supra, 181 N.W.2d at 157. However, this does not excuse disregard of the clear provisions of the statute.

■ The conclusion we reach in this case is dictated by what can only be called a procedural disaster. Apparently defendant now realizes this, for the attorney general (who appears for defendant since the state is the real party in interest) attempted to repair the case by filing with the clerk of this court—long after trial of the case—the requisition and supporting papers from the governor of California upon which it is claimed the extradition warrant was *really* based. Much of defendant's argument, both written and oral, urges the sufficiency of these papers to justify the extradition order.

Of course, we refuse to consider any such "evidence." Conceding that it met all the statutory requirements of chapter 759 —as a cursory examination reveals—we are not privileged to go outside the record. We must decide the case on the evidence in the trial court. This should require no citation of authority, but see Insurance Co. of North America v. Sperry & Hutchinson Co., 168 N.W.2d 753, 757 (1969) and Morrow v. Smith, 145 Iowa 514, 516, 124 N.W. 316 (1910).

Considering only what was before the trial court, we reach the inescapable conclusion that the result cannot stand. Section 759.3 prescribes the conditions which must be met before an extradition warrant may issue. The relevant portion of that statute follows:

"No demand for the extradition of a person * * * shall be recognized unless in writing alleging * * * that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there * * *. The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of the indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand."

■ The evidence properly before us shows a complete failure to observe the mandatory terms of the statute. We refer to only a few of the more grievous omissions. There was no written demand for plaintiff's extradition; no allegation he was in California at the time of the criminal acts with which he is charged; and no authentication of the papers by the executive authority making the demand.

■ Ordinarily these facts may be presumed from the prima facie force of the governor's warrant of arrest. However, that must give way here to plaintiff's unchallenged evidence which denies their existence. At that point it became incumbent upon defendant to refute plaintiff's claim by producing the *real* extradition requisition, which is now improperly sought to be used before us. We cannot extricate defendant from the position in which he now finds himself because of his failure to do so.

In fairness to the attorney general, we point out his office did not try the case below and now has the unenviable task of defending a faulty record made by others.

In view of the result reached, we need not discuss the many other errors alleged by plaintiff.

For the reasons stated, we reverse the order annulling the writ and direct that plaintiff be released from custody.

Reversed.