**Albert J. THURMAN a/k/a Allen George Young, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 55664.**

Supreme Court of Iowa.

Nov. 13, 1974.

R. Fred Dumbaugh and Robert C. Gross, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., David M. Dryer, Asst. Atty. Gen., and William G. Faches, County Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REES and HARRIS, JJ.

LeGRAND, Justice.

This case comes to us on petitioner's appeal from an order denying his petition for writ of habeas corpus, which, if sustained,

would prevent his return to the State of Louisiana under an extradition warrant issued by the Governor of Iowa at the request of the Governor of Louisiana. We affirm the trial court.

The principles upon which our decision depends have recently been reviewed in several extradition cases, including Hughes v. Waters, 204 N.W.2d 599 (Iowa 1973); Hill v. Houck, 195 N.W.2d 692 (Iowa 1972), and Evans v. Rosenberger, 181 N.W.2d 152 (Iowa 1970). We believe those decisions control our conclusions here.

■ In extradition proceedings, we are concerned with only two questions: (1) Is petitioner charged with the commission of a crime in the demanding state? (2) Is petitioner a fugitive, i. e., was he present within the demanding state when the crime was committed?

Defendant raises a very narrow issue as the sole ground for reversal and our consideration is limited accordingly. He asserts there is no evidence upon which to find he was present in Louisiana when the crime was committed. More specifically he argues he cannot know if he was there then (and therefore cannot defend himself) because there is no showing as to the date the alleged crime was committed.

The respondent comes perilously close to meeting the same fate as in Hughes v. Waters, supra, and for the same reasons. Here, as there, only the barest showing was made while conclusive evidence, readily available, lay dormant in some file. Here, as there, too, respondent improperly attempts to buttress its meager record by asking us to consider documents not presented at trial.

■ It should be unnecessary to point out we cannot do so; it should be unnecessary, too, to point out we should not be *asked* to do so. We are a court of review. In habeas corpus matters (except in child custody cases) our review is not de novo. We consider only those issues which were raised and properly preserved below. We refuse—again—to consider documents presented for the first time on appeal under the guise they constitute an "addendum" to the record.

■ We move now to a consideration of the issue raised by petitioner. The case was submitted to the trial court on six exhibits plus the testimony of a deputy sheriff for respondent and petitioner on his own behalf. Although petitioner says he could not properly resist the proceedings to extradite because he did not know the date upon which he is supposed to have committed the crime charged, an examination of the transcript refutes this. His testimony unequivocally denied his presence in Louisiana on February 7, 1969, which his counsel referred to as the date upon which he was alleged to have committed the crime for which extradition was sought. Defendant tacitly admits this but argues the proof must come from the respondent, not from him.

■■ We cannot agree. The trial court may consider all evidence, regardless of its source, in deciding if petitioner has met his heavy burden of disproving the prima facie effect of the Governor's warrant by proof which is clear and satisfactory. In this regard we point out it is unnecessary to produce oral testimony to refute petitioner's denial. Hill v. Houck, supra, 195 N.W.2d at 695 and at 698.

The record, of course, would be stronger if the necessary facts were proven by direct evidence from respondent—evidence, we repeat, which was easily at hand. However, we cannot release petitioner on the ground urged when the record shows both sides proceeded on the premise the date of the crime was February 7, 1969, and petitioner defended against the very facts he now says he was unaware of.

Since this is the only issue raised, the judgment of the trial court is affirmed.

Affirmed.